498 So.2d 1009 (1986)
Beverly SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 86-401.
District Court of Appeal of Florida, Second District.
December 10, 1986.
James Marion Moorman, Public Defender and D.P. Chanco, Asst. Public Defender, Bartow, for appellant.
*1010 Jim Smith, Atty. Gen., Tallahassee and Candance M. Sunderland, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Acting Chief Judge.
Beverly Smith appeals the sentences she received for two convictions of grand theft. We affirm the convictions but reverse the sentences and remand for resentencing.
Appellant was charged by information with two counts of grand theft arising from different incidents. § 812.014, Fla. Stat. (1985). She pleaded guilty to one and nolo contendere to the other. At the sentencing hearing, appellant's counsel requested that the trial court delete points included in the guidelines scoresheet for a prior uncounseled plea and conviction. The trial court refused to delete the points and sentenced appellant to five years in prison for each offense with the terms to run concurrently.
An uncounseled conviction may not be used to enhance a sentence on a subsequent conviction unless the defendant waived his right to counsel. Pilla v. State, 477 So.2d 1088 (Fla. 4th DCA 1985). Where a defendant raises the issue of an uncounseled conviction, the state must show by a preponderance of the evidence that the defendant was represented by counsel or that counsel was available but was validly waived. Harrell v. State, 469 So.2d 169, 171 (Fla. 1st DCA 1985). Presuming waiver of counsel from a silent record is impermissible. Burgett v. State, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967).
Although we affirm the convictions herein, we must reverse the sentences and remand the case for resentencing. At the resentencing hearing, the state must demonstrate by a preponderance of the evidence either that the convictions were counseled or that the appellant waived counsel. If the state does so, the trial court may reinstate the sentences. If the state fails to do so, the trial court may not use the uncounseled convictions in computing points on the guidelines scoresheet.
Affirmed in part; reversed in part and remanded for proceedings consistent with this opinion.
CAMPBELL and SANDERLIN, JJ., concur.