513 So.2d 759 (1987)
Jackson CROFT, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1124.
District Court of Appeal of Florida, Second District.
October 7, 1987.
*760 James Marion Moorman, Public Defender, Bartow, and Brad Permar, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Lauren Hafner Sewell, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The appellant, Jackson Croft, appeals the judgment and sentence imposed after he pled guilty to a charge of lewd assault on a child. We affirm.
The appellant was charged by information with three counts of lewd assault on a child. He entered a best interest plea of guilty as to count I, and the state nolle prossed counts II and III.
At sentencing, defense counsel challenged the validity of the convictions scored under the prior record portion of the guidelines scoresheet on the basis that he believed that all of those convictions were uncounseled. Although the appellant apparently had an extensive record dating back into the 1940's, the state agreed to limit its consideration of the appellant's prior record to those convictions obtained after 1963, when a defendant's constitutional right to counsel was recognized. See Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). As a result of this limitation, the state intended to score eleven misdemeanor convictions reflected on the appellant's PSI as having been obtained after 1963.
The record reveals that the sentencing hearing was continued three times in the court's attempt to assure that only valid convictions were scored under the prior record portion of the guidelines scoresheet. Much of the controversy revolved around the issue of who had the burden of proof regarding the validity of the appellant's prior convictions for purposes of including the prior convictions on the scoresheet.
At one of the hearings, the appellant testified under oath "to the best of his recollection" that in all his previous court appearances which resulted in convictions he had never been able to afford an attorney, he had never been appointed an attorney, and he had never waived his right to counsel. On cross-examination, the state questioned the appellant regarding some *761 specific convictions. The appellant's responses on cross-examination and on redirect indicate that he had difficulty recalling the details surrounding his convictions. The court concluded that the appellant's testimony regarding his prior convictions was too indefinite to establish by a preponderance of evidence that the convictions were in fact uncounseled or to shift the burden of proving that the convictions were valid to the state.
The court again continued the hearing to provide defense counsel an opportunity to obtain and present additional evidence that one or more of the appellant's convictions were uncounseled. The records which defense counsel ultimately located for the period under consideration were silent as to whether the appellant was represented by counsel or whether he had waived his right to counsel.
The court found that the evidence submitted by the appellant was insufficient to support his allegation that all eleven misdemeanor convictions were obtained without benefit of counsel and that, therefore, none of the eleven convictions should be excluded from the scoresheet. With these convictions included under prior record, the scoresheet reflected a guidelines range of four and one-half to five and one-half years imprisonment. In accordance with a provision in the plea agreement that the appellant be sentenced to the lower end of the guidelines range, the court sentenced the appellant to four and one-half years imprisonment. This timely appeal followed.
On appeal, the appellant contends that after he challenged the validity of his prior convictions, the trial court erred in determining that he had the burden of proving that the convictions were uncounseled. We disagree.
If the appellant's challenge to the scoresheet had been in the nature of a dispute as to the existence or degree of the convictions, the state clearly would have been required to produce corroborating evidence or strike the disputed convictions from the scoresheet. See Vandeneyden v. State, 478 So.2d 429 (Fla. 5th DCA 1985). Here, however, the appellant challenged the scoring of his prior convictions by alleging that he was not represented by counsel when the convictions were obtained.
We realize that prior uncounseled convictions may not be included on a guidelines scoresheet if the defendant did not waive his right to counsel. See Crigler v. State, 487 So.2d 420 (Fla. 2d DCA 1986). A duly entered judgment of conviction and sentence, however, is presumed valid, and a defendant attacking the validity of prior convictions has the burden of proving the alleged grounds by a preponderance of the evidence. Allen v. State, 463 So.2d 351 (Fla. 1st DCA 1985). The appellant's testimony that to the best of his recollection he had never been offered an attorney, had never been represented by counsel, and had never waived his right to counsel was insufficient in this case to constitute a prima facie showing that any of the appellant's convictions had been obtained in violation of his constitutional right to counsel. His testimony does not begin to approach an affirmative allegation that he specifically remembered having been denied his right to counsel on one or more particular occasions or that he had made any unknowing or involuntary waivers of counsel. Accordingly, the sentencing judge who was in a position not only to weigh the sufficiency of the evidence presented to her but also to assess the appellant's credibility, did not err in finding that the appellant did not meet his burden of proving the invalidity of any of the convictions by a preponderance of the evidence. Since the appellant did not meet his burden, the state was not required to go forward with contrary evidence to show either that the appellant was afforded all constitutional rights or that he had made valid waivers thereof. See Allen.
Affirmed.
CAMPBELL, A.C.J., and SCHOONOVER and LEHAN, JJ., concur.