519 So.2d 76 (1988)
Benson PRICE, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1519.
District Court of Appeal of Florida, Second District.
January 29, 1988.
*77 Julianne M. Holt, Tampa, appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
In this appeal from convictions and sentences for possession and delivery of cocaine, the appellant raises five issues, three of which are without merit. We address the remaining two issues and reverse the sentences based only on the last issue  the departure reasons.

DEFENDANT'S BURDEN TO SHOW PRIOR CONVICTIONS UNCOUNSELED
The appellant contends that the trial court erred when it calculated in the scoresheet prior convictions that the appellant had alleged were uncounseled. The appellant, citing Smith v. State, 498 So.2d 1009 (Fla. 2d DCA 1986), argues that once he alleged that his prior convictions were uncounseled, the state had the burden to show that the prior convictions were counseled. The trial court ruled that it was the defendant's burden to show, at sentencing, that the prior convictions were uncounseled. The state, agreeing with the trial court, cites to us Croft v. State, 513 So.2d 759 (Fla. 2d DCA 1987). At first glance, it might appear that Smith and Croft are contradictory. A closer reading of Smith *78 and a careful inspection of our Smith file, however, show that the defendant there had done more than merely allege that a prior conviction was uncounseled. In Smith the defendant had record support for his prima facie showing of an uncounseled prior conviction, thus shifting the burden to the state to show that the prior conviction was either, in fact, counseled, or that there had been a valid waiver of counsel. The state in Smith failed to carry that burden. In Croft, the defendant alleged prior uncounseled convictions, but was not able to prove that allegation. The Croft defendant thus failed to make out even a prima facie case. Under both Smith and Croft, then, the trial court in the instant case committed no error in placing the initial burden upon the defendant at sentencing. Our decisions in Smith and Croft are consistent. We reiterate here: If, at sentencing, the defendant has merely alleged the erroneous inclusion of points for uncounseled prior convictions in the sentencing scoresheet, he has the burden to make a prima facie showing that the prior convictions were uncounseled.

INVALID DEPARTURE REASONS
Concerning the departure issue, although the written order explaining the reasons for departing is in the narrative, we glean the following reasons from that order: (1) A minor was involved with the appellant in one of the transactions for which the appellant was convicted; (2) departure was warranted for the protection of society; (3) juvenile offenses over three years old used to depart; and (4) the appellant failed to cooperate with the police in bringing others to justice. We hold that on the facts before us, the first reason is valid in that the circumstances show that the appellant had enough control and authority over the minor that the minor would not have been involved in the crime but for the actions of the appellant. Santana v. State 507 So.2d 680 (Fla. 2d DCA 1987); see also Von Carter v. State, 468 So.2d 276 (Fla. 1st DCA 1985). The second reason is invalid based on Keys v. State, 500 So.2d 134 (Fla. 1986). Furthermore, contrary to the state's contentions, we find no other evidence in the record which could clearly be considered justification for departure on the basis of "danger to society" as set out in Whitehead v. State, 498 So.2d 863 (Fla. 1986), and Mendenhall v. State, 511 So.2d 342 (Fla. 5th DCA 1987). The third reason is valid. Weems v. State, 451 So.2d 1027 (Fla. 2d DCA 1984). The state concedes that the fourth reason is invalid. Failure to cooperate with law enforcement officials in identifying others involved in illegal drug transactions is an inadequate basis to support departure. Jimenez v. State, 486 So.2d 36 (Fla. 2d DCA 1986); Banzo v. State, 464 So.2d 620 (Fla. 2d DCA 1985).
Since we cannot say that the state has carried its burden to show beyond a reasonable doubt that the court would have departed absent the invalid reasons, we remand the case to the trial court for resentencing under Albritton v. State, 476 So.2d 158 (Fla. 1985).
The convictions are affirmed; the sentences are reversed; and the case is remanded for resentencing.
DANAHY, C.J., and CAMPBELL and SCHOONOVER, JJ., concur.