546 So.2d 109 (1989)
STATE of Florida, Appellant,
v.
Carl W. TROEHLER, Appellee.
No. 88-0337.
District Court of Appeal of Florida, Fourth District.
July 7, 1989.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michele L. Crawford, Asst. Atty. Gen., Miami, for appellant.
*110 Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for appellee.
ROBINSON, STEVEN D., Associate Judge.
The state appeals a determination by the trial judge that one of three prior convictions for Driving Under the Influence, section 316.193(2)(b), Florida Statutes (1987), could not be used to reclassify the defendant's criminal traffic offense to a third degree felony.
Carl W. Troehler was charged by an information with felony driving under the influence offense, which charged in part that he "has been convicted of Driving Under the Influence on three previous occasions." At his sentencing, the state produced a certified print-out of his driving record, admissible under section 322.201, Florida Statutes (1987). Troehler challenged his 1976 conviction by testifying that in 1976 he was not represented by counsel. He argued that that uncounseled conviction could not be used against him. The defendant was granted a continuance to bring into the court records to prove his assertion, but he found no records at the county courthouse. The defense then subpoenaed the custodian of the records of the Fort Pierce Police Department, who had arrested him, but was only able to find a police-kept index which did not contain the sought information. Specifically, the index card produced, though noting his sentence, was silent on the existence or waiver of defense counsel. The trial judge then weighed the evidence, finding in favor of the defendant on the issue. Finding this was his third conviction, the trial judge then enhanced Troehler's sentence to eight months, based only on the remaining two prior DUI convictions. For third offenders, section 316.193(2)(a)2.c., Florida Statutes (1987) authorizes a maximum jail sentence of twelve months.
We affirm the decision on the authority of Smith v. State, 498 So.2d 1009 (Fla. 2d DCA 1986). Smith requires that "where a defendant raises the issue of an uncounseled conviction, the state must show ... that the defendant was represented by counsel or that counsel was available but was validly waived." Id. at 1010. The state asserted that Smith has been superseded by Croft v. State, 513 So.2d 759 (Fla. 2d DCA 1987), another sentencing guidelines case which holds, "A duly entered judgment of conviction and sentence, however, is presumed valid, and a defendant attacking the validity of prior convictions has the burden of proving the alleged grounds by a preponderance of the evidence." Id. at 761.[1]Price v. State, 519 So.2d 76, 77-78 (Fla. 2d DCA 1988), offers insight:
A closer reading of Smith and a careful inspection of our Smith file, however, show that the defendant there had done more than merely allege that a prior conviction was uncounseled. In Smith the defendant had record support for his prima facie showing of an uncounseled prior conviction, thus shifting the burden to the state to show that the prior conviction was either, in fact, counseled, or that there had been a valid waiver of counsel. The state in Smith failed to carry that burden. In Croft, the defendant alleged prior uncounseled convictions, but was not able to prove that allegation. The Croft defendant thus failed to make out even a prima facie case. Under both Smith and Croft, then, the trial court in the instant case committed no error in placing the initial burden upon the defendant at sentencing.
The trial judge had drawn a different distinction. He felt that this case differed from Croft because in Croft the defendant only testified to the best of his recollection that he had no counsel, therefore not sufficiently raising the issue as to require the state to respond. The diverse rationales just illustrated require that the issues involved be clarified. For example, what *111 must the defendant do, if anything, to place the burden of proof on the state? Should the state or the defendant produce the record? What must the record contain? None of the Florida precedents the parties cited, or that we could find, involve placing the responsibility for proving a prior conviction, when the prior conviction is the element necessary to reclassify a crime into a higher degree.
There are three burdens of proof in a criminal case: the burden of pleading, the burden of producing evidence and the burden of persuasion. Ashford and Risinger, Presumptions, Assumptions, and Due Process in Criminal Cases: A Theoretical Overview, 79 Yale L.J. 165, 171 (1969). Not recognizing these distinctions has created part of the confusion. We are unable to accept Croft or Price if either decision places more than a burden of producing evidence on a defendant. That burden and not the burden of persuasion is at issue here.
A person is presumed to be innocent until he or she is proven guilty, and the state has the burden of establishing all the essential elements with which an accused is charged. Brooke v. State, 99 Fla. 1275, 128 So. 814 (1930). This principle, in which the burden of persuasion never shifts from the state, has been applied strictly in Florida criminal prosecutions even when defendants assert affirmative defenses.[2]
The enhancement or reclassification statute involved here requires valid prior convictions. One may presume from a duly entered judgment of conviction that a judgment is valid. Paul v. State, 177 So.2d 537 (Fla. 3d DCA 1965). Because of this presumption, a defendant faced with evidence of a judgment of his or her conviction must produce evidence that the conviction was invalid in order to require the state to prove more than that assumed by the presumption.[3]
However, "[a]n uncounseled conviction in which there was no waiver of counsel will not support ... an increased term of imprisonment on a subsequent conviction." Harrell v. State, 469 So.2d 169, 171 (Fla. 1st DCA 1985). "[A] conviction obtained in violation of the defendant's constitutional right to counsel is void and cannot be used by the state in a subsequent criminal proceeding to support conviction under an enhancement or reclassification statute designed to increase the otherwise allowable period of imprisonment." Allen v. State, 463 So.2d 351, 357 (Fla. 1st DCA 1985). In addition, the United States Supreme Court has enunciated a second presumption. If the record does not indicate that counsel has been waived or, the logical corollary, that counsel was present, there is created a presumption that the defendant was denied counsel.[4] "[T]he certified records of the Tennessee conviction on their face raise a presumption that petitioner was denied his right to counsel in the Tennessee proceeding, *112 and therefore that his conviction was void. Presuming waiver of counsel from a silent record is impermissible." Burgett v. Texas, 389 U.S. 109, 114-15, 88 S.Ct. 258, 261-62, 19 L.Ed.2d 319 (1967), a case specifically cited in Smith; Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962).
Consistent with Smith and Burgett, Troehler need only have raised the counsel issue. He may do so by testifying that he had no counsel or pointing out that the prior judgment of conviction, which we hold must be produced by the state, is silent on the counsel issue. Here, the certified print-out of his driving record, not indicating the presence or waiver of counsel, was insufficient to prove a counseled prior conviction. Having raised the issue, the court file, any additional court record or other evidence showing the presence and waiver of counsel must be produced by the state to meet its burden of persuasion.
AFFIRMED.
GLICKSTEIN and GUNTHER, JJ., concur.
NOTES
[1] As of now no case has raised the issue of whether the burden of proof may be different in proving the validity or invalidity of a prior record in enhancement or reclassification sentencings as contrasted to point scoring under sentencing guidelines. Not having been raised in this case either, we assume there is no distinction.
[2] E.g., Yohn v. State, 476 So.2d 123 (Fla. 1985) (State must prove defendant's sanity once a reasonable doubt of the defendant's insanity is created in the mind of the fact finder); Rotenberry v. State, 468 So.2d 971 (Fla. 1985) (The state has the burden to disprove entrapment once the accused has adduced sufficient evidence); Brown v. State, 454 So.2d 596, 598 (Fla. 5th DCA), rev. denied, 461 So.2d 116 (Fla. 1984) ("While defendant may have the burden of going forward with evidence of self-defense, the burden of proving guilt beyond reasonable doubt never shifts from the State, ... the State [must] prove that the defendant did not act in self-defense beyond a reasonable doubt").
[3] Mullaney v. Wilbur, 421 U.S. 684, 703 n. 31, 95 S.Ct. 1881, 1891-92 n. 31, 44 L.Ed.2d 508 (1975), has succinctly stated the relevant principles of law:

Generally in a criminal case the prosecution bears both the production burden and the persuasion burden. In some instances, however, it is aided by a presumption or a permissible inference. These procedural devices require (in the case of a presumption) or permit (in the case of an inference) the trier of fact to conclude that the prosecution has met its burden of proof with respect to the presumed or inferred fact by having satisfactorily established other facts. Thus, in effect they require the defendant to present some evidence contesting the otherwise presumed or inferred fact. Since they shift the production burden to the defendant, these devices must satisfy certain due process requirements. (citations omitted)
[4] If there is no indication of counsel in a record there certainly cannot be an assumed waiver of counsel.