## STATE OF FLORIDA v MIDDLETON
### Case No. TO78-71703
County Court, Orange County

February 28, 1990

**APPEARANCES OF COUNSEL**

**Office of the State Attorney,** for plaintiff.

**James K. Freeland, Esquire,** for defendant.

### OPINION OF THE COURT

CHARLES N. PRATHER, County Judge.

*ORDER DENYING DEFENDANT'S PETITION FOR WRIT OF ERROR CORAM NOBIS*

THIS CAUSE came on to be heard on the Defendant's Petition for Writ of Error Coram Nobis. Eleven years before filing said petition, the Defendant was adjudged guilty of a DWI offense upon the entry of a plea.

The Defendant complains the conviction, Judgment and Sentence are constitutionally invalid, primarily because he did not have counsel and

did not waive counsel in writing as required in *Perry v State,* 522 So.2d 554 (Fla. 5th DCA 1988). The records in the court file which would corroborate or disprove the Defendant's allegations have long since been destroyed pursuant to Florida Statutes.

This Court is unaware of cases precisely on point with the situation here presented. The case of *State v Troehler,* 546 So.2d 109 (Fla. 4th DCA 1989) provides that if the Defendant raises the issue of counsel by either testifying that he had no counsel or pointing out that the prior judgment of conviction is silent on the issue of counsel, the State must show the presence or waiver of counsel to meets its burden of persuasion. *Troehler* did not consider the issue of laches which was raised by the State in our case.

The case of *State v Caudle,* 504 So.2d 419 (Fla. 5th DCA 1987) governs the conclusion reached by this Court. In that case, the Defendant filed a Motion to Vacate a 1976 conviction. The Motion was filed nine years after the prior conviction. In the *Caudle* case, the Defendant was not represented by counsel, and could not recall whether or not the Judge had advised him of his constitutional rights. The County Court applied the doctrine of laches and denied the Defendant's Motion to Vacate Sentence or Alternative Petition for Writ of Error Coran Nobis. The Appellate Circuit Court reversed the County Court and held the State failed to show a knowing, intelligent and voluntary waiver by the Defendant of his right to counsel. It ignored the County Court's finding of laches. In that opinion, the Fifth District Court of Appeals stated:

"Further, because Caudle waited nine years before filing the Motion to Vacate and the Court files had been destroyed in the interim, the County Court was justified in applying the doctrine of laches.

* * *

Although the existing court records are silent as to whether the Defendant was advised of his rights and knowingly and intelligently waived those rights, the prior judgment had been of record for at least nine years at the time the Defendant's Motion was filed. To allow a defendant to delay until State's records or witnesses are unavailable and then seek to place an impossible burden of proof on the State is inequitable and unjust. Although the rights provided by the constitution are a shield against violations of due process, surely a defendant must be required to claim that his armor was defective before forcing the State to surrender its sword."

In summary, the allegations of the Defendant as set forth in his

214

Petition are sufficient to shift the burden of proof to the State absent the application of the doctrine of laches. If the State has been precluded from controverting the Defendant's statements due to the destruction of records in due course, the doctrine of laches applies. In this case, the application of that doctrine defeats the Defendant's claim.

Upon consideration of the foregoing, it is

ORDERED that the Defendant's Petition for Writ of Error Coram Nobis be and the same is hereby denied.

ORDERED at Orlando, Orange County, Florida this 28th day of February, 1990.