GUNTHER, Judge.
We agree with the appellant’s contention that an uncounseled misdemeanor conviction for driving without a license was improperly included in the guideline score-sheet. State v. Troehler, 546 So.2d 109 (Fla. 4th DCA 1989), requires that “where a defendant raises the issue of an uncoun-seled conviction, the state must show ... that the defendant was represented by counsel or that counsel was available but was validly waived.” Troehler, at 110, citing Smith v. State, 498 So.2d 1009, 1010 (Fla. 2d DCA 1986).
In the case at bar, the issue of counsel was raised by defense counsel. The only evidence produced by the state was appellant’s driving record, with no proof that it was certified and no other judgment of conviction. Thus, the burden of proof was not met by the state and the uncounseled misdemeanor should not have been included as part of the prior record on the guideline scoresheet.
A reversal of a sentence and remand is required, where, as here, the resulting reduction in total score reduced the presumptive sentence by one cell. Wilson v. State, 514 So.2d 1127 (Fla. 1st DCA 1987); Logan v. State, 511 So.2d 442 (Fla. 5th DCA 1987). Therefore, we reverse the sentence and remand for consideration in the proper cell without the uncounseled misdemeanor conviction.
In all other respects, we affirm.
HERSEY, C.J., and LETTS, J., concur.