592 So.2d 237 (1992)
STATE of Florida, Petitioner,
v.
Joseph BEACH, Respondent.
No. 76576.
Supreme Court of Florida.
January 2, 1992.
Robert A. Butterworth, Atty. Gen., James W. Rogers, Bureau Chief, and Laura *238 Rush, Asst. Atty. Gen., Tallahassee, for petitioner.
William H. Webster of William H. Webster, P.A., Crawfordville, for respondent.
HARDING, Justice.
We have for review Beach v. State, 564 So.2d 614, 614 (Fla. 1st DCA 1990), where the First District Court of Appeal certified the following question to be of great public importance:
IS THE DEFENDANT'S STATEMENT UNDER OATH THAT HE WAS NOT PROVIDED NOR OFFERED COUNSEL AT THE PROCEEDINGS RESULTING IN PRIOR CONVICTIONS SUFFICIENT TO PUT THE STATE TO THE BURDEN OF PROVING THAT SUCH CONVICTIONS WERE IN FACT COUNSELED OR THAT COUNSEL WAS KNOWINGLY WAIVED?
We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution, and we answer the question in the negative.
Joseph Beach ("Beach") pled nolo contendere to one count of lewd and lascivious assault on a child under sixteen years of age. Prior to sentencing, Beach filed a motion to correct his guidelines scoresheet. Beach contended that the sentencing scoresheet contained several prior misdemeanor convictions that were uncounseled[1] and, therefore, invalid for purposes of scoring. Beach attached a sworn affidavit to the motion alleging that he neither had been provided nor offered counsel for these convictions. The trial court found Beach's affidavit insufficient to shift the burden to the State to show either that the prior convictions were counseled, or that Beach had validly waived his right to counsel in those cases. The trial court sentenced Beach within the guidelines to four and one-half years of incarceration, followed by five and one-half years of probation.
On appeal, the First District Court reversed Beach's sentence because the sentencing guidelines scoresheet included uncounseled convictions. Citing as authority State v. Troehler, 546 So.2d 109 (Fla. 4th DCA 1989), and Smith v. State, 498 So.2d 1009 (Fla. 2d DCA 1986), the district court held that Beach's affidavit was sufficient to shift the burden to the State. The district court also certified the issue as a question of great public importance for purposes of review by this Court.
The State contends that a defendant who challenges prior misdemeanor convictions as invalid for guidelines scoring should bear the burden of establishing that: (1) the defendant had the right to counsel in the prior proceedings and (2) the defendant either was not provided counsel or did not knowingly and validly waive the right to counsel. Beach asserts that his sworn affidavit brought the validity of the prior uncounseled convictions to the court's attention. Thus, Beach concludes that the affidavit shifted the burden to the State to show that the prior convictions were correctly included on the guidelines scoresheet. We disagree with Beach's argument.
The underlying issue in this case is whether Beach was entitled to counsel in those previous convictions which he challenges as improperly included on the guidelines sheet. The Florida Constitution provides that "[i]n all criminal prosecutions the accused ... shall have the right ... to be heard in person, by counsel or both." Art. I, § 16, Fla. Const. To secure this constitutional right, Florida Rule of Criminal Procedure 3.160 requires the court to advise any person charged with the commission of a crime of a right to counsel and, if financially unable to obtain counsel, of a right to be assigned court-appointed counsel. The United States Supreme Court has also ruled that an indigent defendant cannot be imprisoned for any offense unless the defendant either is represented by counsel or knowingly and intelligently waives the right to counsel. See Scott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979); Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).
*239 The United States Supreme Court further defined the right to counsel in Baldasar v. Illinois, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980). In Baldasar, the Court addressed the issue of whether a sentencing court could use an earlier uncounseled conviction as a predicate to enhance a subsequent conviction. Justice Blackmun's concurrence cast the deciding vote by following a bright line rule that a defendant is entitled to counsel for any "`nonpetty criminal offense, that is, one punishable by more than six months' imprisonment, ... or whenever the defendant is convicted of an offense and is actually subjected to a term of imprisonment.'" Id. at 229, 100 S.Ct. at 1589 (Blackmun, J., concurring) (citations omitted) (quoting Scott v. Illinois, 440 U.S. 367, 389-390, 99 S.Ct. 1158, 1170, 59 L.Ed.2d 383 (1979) (Blackmun, J., dissenting)). Accordingly, Justice Blackmun voted to prohibit enhancement of Baldasar's sentence because his prior uncounseled conviction was punishable by more than six months' imprisonment and thus invalid. Id. 446 U.S. at 230, 100 S.Ct. at 1589.
In Hlad v. State, 585 So.2d 928, 930 (Fla. 1991), this Court applied Justice Blackmun's bright-line rule to determine that a defendant's prior uncounseled DUI conviction was valid for enhancement "because he did not receive imprisonment nor could he have been imprisoned for more than six months as a result of the uncounseled conviction." Following the reasoning in Hlad and Baldasar, if Beach was entitled to counsel for the offenses included on his guidelines scoresheet, then these uncounseled convictions would be invalid for purposes of scoring.
We now turn to the respective burdens of the parties in challenging the validity of prior convictions. The defendant bears the initial burden of showing entitlement to counsel because "[t]he key is that an uncounseled conviction may not be used for enhancement if the defendant in fact had a right to counsel in the prior proceedings." Leffew v. State, 518 So.2d 1376, 1378 (Fla. 2d DCA 1988). In order to meet this initial burden, the defendant must assert under oath: (1) that the offense involved was punishable by more than six months of imprisonment or that the defendant was actually subjected to a term of imprisonment; (2) that the defendant was indigent and, thus, entitled to court-appointed counsel; (3) counsel was not appointed; and (4) the right to counsel was not waived. If the defendant sets forth these facts under oath, then the burden shifts to the state to show either that counsel was provided or that the right to counsel was validly waived. Allen v. State, 463 So.2d 351 (Fla. 1st DCA 1985); see also McKenney v. State, 388 So.2d 1232 (Fla. 1980) (defendant declined judge's offer of counsel and signed written waiver of right to counsel). As required by Rule 3.160(e), if the defendant "understandingly waives representation by counsel, he shall execute a written waiver of such representation which shall be filed in the case." Absent such evidence in the record of the trial court's prior proceedings, waiver cannot be presumed. See Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967) (presuming waiver of counsel from a silent record is impermissible).
In the instant case, Beach's motion to correct the guidelines scoresheet stated that he was indigent and did not waive the right to counsel in the prior uncounseled convictions. In the affidavit in support of the motion, Beach stated that he "was not provided or offered counsel" in connection with convictions for driving while under the influence in 1980 and driving while license was suspended or revoked in 1982 and 1986. However, neither the motion nor the affidavit indicated the possible punishment faced by Beach; nor did either document contain any other assertion that would show entitlement to counsel. Thus, Beach's affidavit was not sufficient to put the validity of the convictions at issue, nor to shift the burden to the State.
Accordingly, we answer the certified question in the negative and disapprove the decision below. Moreover, we disapprove Troehler and Smith to the extent that they are inconsistent with this opinion.
We are unable to determine whether Beach was entitled to counsel in his prior convictions because the record does not *240 indicate the possible punishments which Beach faced. Therefore, we remand with leave for Beach to file an amended motion to correct his guidelines scoresheet.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, GRIMES and KOGAN, JJ., concur.
BARKETT, J., concurs with an opinion.
BARKETT, Justice, concurring.
As the majority notes:
The Florida Constitution provides that "[i]n all criminal prosecutions the accused ... shall have the right ... to be heard in person, by counsel, or both." Art. I, § 16, Fla. Const. To secure this constitutional right, Florida Rule of Criminal Procedure 3.160 requires the court to advise any person charged with the commission of a crime of a right to counsel and, if financially unable to obtain counsel, of a right to be assigned court-appointed counsel.
Majority op. at 238-239 (emphasis added). A criminal conviction carries a presumption that these constitutional protections have been provided. I agree that defendants who challenge that presumption must allege that they were not represented either because they were indigent and not provided counsel or because they did not knowingly and validly waive the right to counsel.
NOTES
[1] This opinion uses the term uncounseled conviction narrowly to refer only to the conviction of an indigent defendant who was not provided a lawyer.