765 So.2d 723 (1999)
Paul W. KIRBY, Appellant,
v.
STATE of Florida, Appellee.
No. 98-778.
District Court of Appeal of Florida, First District.
August 17, 1999.
Nancy A. Daniels, Public Defender; Kathleen Stover, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Sherri Tolar Rollison, Assistant Attorney General; James W. Rogers, Chief Criminal Appeals, Tallahassee, for Appellee.
BENTON, J.
Paul Kirby appeals his conviction for driving under the influence of alcohol. On grounds this was his fourth such conviction, he was adjudicated guilty of a felony, rather than of a misdemeanor. We reject his contention that the evidence was insufficient to support the jury's verdict. He also contends that one of the predicate convictions should have been excluded from consideration because it was obtained in violation of his right to counsel. On the authority of State v. Beach, 592 So.2d 237 (Fla.1992), we reverse with directions that his conviction be reduced from a felony to a misdemeanor. We also certify a question concerning Beach's continued viability after the decision in Nichols v. United States, 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994).
Repeated violations of section 316.193(1), Florida Statutes (1997) ("Driving under the influence; penalties"), are punishable with increasing severity. First, second, and third violationseach a misdemeanor may be punished by progressively greater fines and progressively longer jail terms. § 316.193(2)(a), Fla. Stat. (1997). A fourth conviction is a felony of the third degree and still harsher sanctions are authorized. § 316.193(2)(b), Fla. Stat. (1997). If the misdemeanor conviction about which he complains could not lawfully serve as a predicate, Mr. Kirby should properly have *724 been convicted, not of a felony, but of a misdemeanor.
As contemplated by Beach, he filed a motion accompanied by an affidavit he had executed, averring that a 1982 misdemeanor conviction on which the state relied for the present felony conviction 1) "was punishable under Florida law in effect at that time by more than six months' imprisonment. An excerpt from Section 316.193, Florida Statutes, is attached"; 2) that he was indigent at the time; 3) that counsel was not appointed; and 4) that he did not waive the right to counsel. In order to meet the "initial burden" under Beach, "the defendant must assert [essentially[1] these four matters] under oath." 592 So.2d at 239.
The first element is crucial in the present case. The state contends that it is not enough that Mr. Kirby alleged that the offense was punishable by more than six months' imprisonment.[2] We reject this contention, however, and conclude the pleading requirements laid down in Beach have been met. If, as may be the case, Mr. Kirby's rights depend on the absence of a written certification that he did not face incarceration in the proceedings in 1982, the burden to establish that such a certification was made has shifted to the state on this record. It is not the defendant's obligation to create or document such certifications.
On appeal for the first time,[3] the state contends that Beach has been superseded by Nichols v. United States, 511 U.S. 738 748-49, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994). We agree with the state's premise that Nichols, which expressly overruled Baldasar v. Illinois, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), removed any federal constitutional impediment to using Mr. Kirby's 1982 conviction as a predicate for the conviction under review. See Scott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979); Hlad v. State, 585 So.2d 928 (Fla. 1991). The state argues further that our supreme court's decision in Beach rests entirely on the federal constitutional principles enunciated in Baldasar. But see Beach, 592 So.2d at 239. We note the point made in Nichols that "States may *725 decide based on their own constitutions or public policy, that counsel should be available for all indigent defendants charged with misdemeanors." 511 U.S. at 748 n. 12, 114 S.Ct. 1921.
The cases recognize a distinct guarantee in the Florida Constitution of appointed counsel under certain circumstances. See Traylor v. State, 596 So.2d 957, 967 (Fla. 1992) ("In all criminal prosecutions, the defendant may choose to be heard either by himself or through counsel.") (paraphrasing article 1, section 16 of the Florida Constitution); State v. Douse, 448 So.2d 1184 (Fla. 4th DCA 1984). The Florida and federal constitutions are not precisely coextensive in this area. See Almeida v. State, 24 Fla. L. Weekly S331, 737 So.2d 520 (Fla.1999); Phillips v. State, 612 So.2d 557, 558 (Fla.1992); Traylor, 596 So.2d at 968. But we can point to no clear articulation by our supreme court of an independent state constitutional guarantee of counsel applicable in Mr. Kirby's case. See State v. Ull, 642 So.2d 721 (Fla.1994) (holding counsel may be discharged where trial judge certifies incarceration will not result from misdemeanor prosecution, so long as defendant is not substantially disadvantaged). See generally Beach, 592 So.2d at 240 (Barkett, J., concurring); Hlad, 585 So.2d at 930-32 (Barkett & Kogan, JJ., dissenting).
The decision in Hladholding that "Hlad's prior DUI conviction would have been valid for enhancement because he did not receive imprisonment nor could he have been imprisoned for more than six months as a result of the uncounseled conviction," 585 So.2d at 930can be distinguished because the offense with which Mr. Kirby was charged in 1982, his second for driving under the influence of alcohol, could have resulted in nine months' incarceration. § 316.193(2)(b)2., Fla. Stat. (Supp.1982). The Hlad majority did not, moreover, discuss the right to counsel under state law.
While the right to counsel conferred by the Florida and federal constitutions, section 27.51, Florida Statutes (1997), and Florida Rule of Criminal Procedure 3.111 does not arise in every misdemeanor prosecution, see Ull, 642 So.2d at 723, the question here is whether, as a matter of Florida law, an indigent defendant in a misdemeanor prosecution that may itself lead to nine months' incarceration and that in fact results in a conviction that becomes an essential component of a subsequent felony conviction (that may entail five years in prison) has the same right to counsel as a similarly situated defendant who is able to retain counsel.
Given that "many, if not a majority, of States guarantee the right to counsel whenever imprisonment is authorized by statute, rather than [only when] actually imposed," Nichols, 511 U.S. at 748, 114 S.Ct. 1921 we do not read the decision in Nichols as authority to disregard our own supreme court's decision in Beach. See generally Hoffman v. Jones, 280 So.2d 431 (Fla.1973). On the other hand, the decision in Nichols clearly changes the legal landscape. We therefore certify the following question to the Florida Supreme Court:
DOES STATE V. BEACH, 592 So.2d 237 (Fla.1992), ARTICLE I, § 16 OF THE FLORIDA CONSTITUTION, SECTION 27.51, FLORIDA STATUTES (1997), FLORIDA RULE OF CRIMINAL PROCEDURE 3.111, OR ANY COMBINATION THEREOF PRECLUDE USING UNCOUNSELED CONVICTIONS AS PREDICATES FOR A FELONY CONVICTION EVEN THOUGH THE UNCOUNSELED CONVICTIONS DID NOT RESULT IN INCARCERATION AT THE TIME?
We reverse and remand with directions that Mr. Kirby be adjudicated guilty of a misdemeanor under section 316.193, Florida Statutes (1997), and resentenced accordingly.
Reversed and remanded.
*726 LAWRENCE, J., CONCURS.
ALLEN, J., CONCURS IN RESULT.
NOTES
[1] After the decision in Nichols v. United States, 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994), as before, averring actual imprisonment of whatever duration on account of an uncounseled conviction meets the "punishable by imprisonment" element.
[2] The trial court ruled in effect that this allegation was insufficient under State v. Beach, 592 So.2d 237 (Fla.1992) (even without regard to Nichols), because the averment that the statute authorized punishment of more than six months was not coupled with an averment that the trial judge had not ruled out imprisonment at the start of the proceedings in 1982. Mr. Kirby was examined under oath and the trial court asked specifically if he "recall[ed] whether or not the Judge advised you that you would not be subjected to jail time in 1982." The transcript reports that he shook his head. With respect to the 1982 proceeding as a whole, he testified in response to the next question put to him that he did not "remember too well. That was a long time ago."

The Beach court held that the burden did not shift "to the state to show either that counsel was provided or that the right to counsel was validly waived" because "neither the motion nor the affidavit indicated the possible punishment faced by Beach." 592 So.2d at 239. Yet the affidavit in Beach identified the offenses ("driving under the influence in 1980 and driving while license was suspended or revoked in 1982 and 1986") which gave rise to the uncounseled convictions Beach challenged. The statutory ranges of punishment for the offenses in question could not have been in doubt. These circumstances support the trial court's ruling requiring something more than allegations as to what punishment was statutorily authorized for the uncounseled conviction. But here the trial court did not inquire of Mr. Kirby aboutand the record contains no indication ofentry of any writing ruling incarceration out in 1982.
[3] As appellee, it is open to the state to argue for affirmance on any ground the record will support. See Sheffield v. Superior Ins. Co., 741 So.2d 533 (Fla. 1st DCA 1999) ("Where a trial court reaches the correct decision even if for the wrong reason, the decision will be affirmed." (quoting Cardelle v. Cardelle, 645 So.2d 22, 23 (Fla. 3d DCA 1994))).