769 So.2d 494 (2000)
Chris ANGEL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-2353.
District Court of Appeal of Florida, Fourth District.
October 18, 2000.
*495 Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Frank J. Ingrassia, Assistant Attorney General, Fort Lauderdale, for appellee.
GROSS, J.
Appellant was convicted of felony driving under the influence. The main points of this appeal concern his attack on the use of prior DUI convictions to support the felony charge.
The existence of his prior convictions was established by his sworn motion to dismiss admitting the 1974 and 1975 convictions, combined with the copy of his driver's license record. See State v. Palmore, 510 So.2d 1152, 1153 (Fla. 3d DCA 1987) (holding that where a defendant "expressly manifested his belief in the truth of the statements contained in the motion to dismiss, thereby adopting those statements as his own," such statements are admissible against the defendant in the state's case in chief). State v. Pelicane, 729 So.2d 534, 535 (Fla. 3d DCA), rev. denied, 740 So.2d 529 (Fla.1999) is distinguishable, since that case concerned the use of a computerized driving record, without an admission by a defendant, to establish the fact of the prior convictions.
Appellant also attacked the state's use of two of the prior convictions on the ground that they were uncounseled and thus invalid for enhancement purposes.
In State v. Beach, 592 So.2d 237, 238 (Fla.1992), the defendant pled no contest to one count of lewd and lascivious assault on a child under sixteen. He filed a motion to correct his guidelines scoresheet prior to sentencing, arguing that it contained several misdemeanor convictions that were uncounseled and therefore invalid for purposes of scoring. See id. The supreme court explained:
The defendant bears the initial burden of showing entitlement to counsel because "[t]he key is that an uncounseled conviction may not be used for enhancement if the defendant in fact had a right to counsel in the prior proceedings." In order to meet this initial burden, the defendant must assert under oath: (1) that the offense involved was punishable by more than six months of imprisonment or that the defendant was actually subjected to a term of imprisonment; (2) that the defendant was indigent and, thus, entitled to court-appointed counsel; (3) counsel was not appointed; and (4) the right to counsel was not waived. If the defendant sets forth these facts under *496 oath, then the burden shifts to the state to show either that counsel was provided or that the right to counsel was validly waived.
Id. at 239 (citations omitted) (emphasis in original omitted).
Concerning the Polk County convictions in 1974 and 1975, appellant failed to allege all of the factors required under Beach to shift the burden to the state to show either that counsel was required or that the right to counsel was validly waived.
As to the December 19, 1974 conviction, appellant made no assertion that the DUI conviction was punishable by more than six months of imprisonment, nor did he claim that he was actually imprisoned. Moreover, the statute at the time did not provide for more than six months imprisonment. See § 316.028(2)(a), Fla. Stat. (1973) (providing that a first DUI conviction shall be punished by imprisonment of not more than six months or by a fine of not less than $25 or more than $500, or by both a fine and imprisonment); Hlad v. State, 585 So.2d 928, 930 (Fla.1991) (holding that prior DUI conviction could be used to enhance an offense to felony even though defendant did not have appointed counsel where defendant could not have been imprisoned for more than six months and was not in fact imprisoned). In addition, appellant made no allegation that he was indigent at the time of this conviction.
As for the July 14, 1975 DUI conviction, appellant did not assert that this DUI conviction was punishable by more than six months of imprisonment, nor did defendant assert that he was actually imprisoned. However, this was his second conviction for DUI within a period of three years from the date of the first conviction. At the time, the applicable statute, section 316.028(2)(b), Florida Statutes (1973), provided for a punishment of not less than ten days nor more than six months incarceration and a fine of not more than $500. Because appellant was subject to a term of incarceration of not less than ten days for a second DUI conviction, he had the right to counsel as to that offense. See Beach, 592 So.2d at 239.
Nonetheless, Angel's affidavit failed to meet the Beach pleading requirements for the 1975 conviction. The affidavit did not assert that appellant was indigent at the time of the 1975 conviction. The affidavit failed to state that the right to counsel was not waived; it only declared that appellant did "not recall ... making any written or oral waiver" of a number of rights, including the right to an attorney.
On the remaining issues, we agree with the state that the imposition of the $1,000 fine was valid, even though the court did not orally impose the fine at the sentencing hearing. The fine is mandatory for a fourth or subsequent DUI conviction. See § 316.193(2)(b), Fla. Stat. (1999). As the state and appellant agree, the written order of probation should be corrected to reflect that appellant was convicted after a jury trial, not that appellant entered a guilty plea. See S.B. v. State, 764 So.2d 620 (Fla. 4th DCA 2000).
Affirmed and remanded to the circuit court to correct the written order of probation.
GUNTHER and FARMER, JJ., concur.