COPE, J.
Oliver Russell appeals an order denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We remand for further proceedings.
In 1992 defendant-appellant Russell entered negotiated pleas in six circuit court cases in exchange for a split sentence of incarceration to be followed by a lengthy period of community control and probation.*
In 1996 the court revoked the defendant’s probation in all six cases. This court affirmed the revocation order.
Defendant filed a timely Rule 3.850 motion, contending that there are scoring errors on his scoresheet which, if corrected, would place him in a lower guidelines range. He argues that one of the counts for grand theft must be deleted from the prior record portion of the scoresheet. Defendant is apparently correct in this contention. The trial court’s order denying relief stated that the defendant had two prior grand theft convictions, but the scoresheet contains three. The trial court must either correct the scoresheet or ascertain that the defendant does, in fact, have three prior grand theft convictions.
Defendant next contends that the scoresheet should not have contained points for legal constraint. Under the applicable guidelines, “Legal status points are to be assessed where these forms of legal constraint existed at the time of the commission of offenses scored as primary or additional offenses at conviction.” Fla. R.Crim.P. 3.701(d)(6).
Defendant asserts that his prior felonies consisted of juvenile cases which had all terminated prior to the date that he committed the crimes in the six adult cases now before us. If those are the facts, then legal constraint points should not have been scored. Id.; Merkt v. State, 764 So.2d 865, 867 (Fla. 4th DCA 2000); Guardado v. State, 562 So.2d 696, 697-98 (Fla. 3d DCA 1990). Since the record does not conclusively refute the defendant’s claim, we remand for further consideration. See Fla.R.App.P. 9.141(b)(2)(D).
Defendant argues that the four felony convictions which were scored as his prior record were uncounselled and must be deleted from the scoresheet. The defendant has not alleged all of the elements which are required to support such a claim under State v. Beach, 592 So.2d 237, 239 (Fla.1992). Since there must be further proceedings on remand, the defendant may amend his motion in accordance with Beach.
Finally, we remand for further consideration of the defendant’s claim that he has not been awarded proper credit for previous jail time served. The trial court has quite properly noted its intent that the defendant be awarded credit for all time *56 actually served. The defendant says, however, that there is an error in an order entered by the trial court on December 21, 1994, awarding credit for 198 days of jail time. The defendant contends that the Department of Corrections is relying on the order as being correct, whereas the defendant claims that he actually served additional jail time. This claim must also be addressed on remand.
Reversed and remanded for further proceedings consistent herewith.

 These were circuit court case numbers 92-3384, 91-33912, 91-38437, 91-39307, 91-39308, and 91-39309.