PER CURIAM.
In his Rule 3.850 motion, which was summarily denied by the trial court, Andres contended that his trial counsel was ineffective for not objecting that his 1995 and 2003 misdemeanor DUI convictions were uncounseled and could not be used to enhance the current DUI to a felony.
Andres had the initial burden to establish that an uncounseled conviction could not be used to enhance the current charges, and was required to allege the following under oath to meet this burden:
(1) that the offense involved was punishable by more than six months of imprisonment or that the defendant was actually subjected to a term of imprisonment; (2) that the defendant was indigent and, thus, entitled to court-appointed counsel; (3) counsel was not appointed; and (4) the right to counsel was not waived.
State v. Beach, 592 So.2d 237, 239 (Fla.1992). Andres’s Rule 3.850 motion meets the requirements of Beach, as it was under oath, alleged that the 1995 and 2003 misdemeanor DUI convictions were punishable by more than six months of imprisonment, alleged that Andres was indigent, alleged that counsel was not appointed, and alleged that Andres did not waive his right to counsel. As a result, the burden shifted to the State to demonstrate that Andres was not entitled to counsel, that counsel was provided, or that counsel was waived. Id. The trial court erred by summarily denying Andres’s Rule 3.850 motion without requiring that the State meet this burden and refute Andres’s claim.
Accordingly, we reverse the trial court’s order summarily denying this claim of ineffective assistance of trial counsel and remand for attachment of portions of the record refuting the claim, or an evidentia-ry hearing.
REVERSED AND REMANDED.
GUNTHER, STEVENSON and TAYLOR, JJ., concur.