952 So.2d 1254 (2007)
Edgar JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-550.
District Court of Appeal of Florida, Fourth District.
April 11, 2007.
*1255 Scott D. Rubinchik of Scott Rubinchik, P.A., Plantation, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
MAY, J.
The defendant appeals an order that revoked his probation, adjudicated him guilty, and sentenced him on a violation of probation. He argues the basis for the violation was an uncounseled, no contest plea to a misdemeanor charge in special magistrate's court that should not have been used to violate his probation. We agree and reverse.
The defendant was placed on probation in June 2004 for possession of cocaine with the intent to deliver or sell and resisting without violence. The probation order provided that he was not to "violate any law of any city, county, state or the United States." One week later, his probation officer submitted an affidavit for violation of probation alleging that the defendant was arrested for possession of cannabis, operating a motor vehicle without a valid driver's license, and obstructing justice without violence.
At a special magistrate's hearing that followed, the defendant entered a no contest plea to the misdemeanor charges via video camera. The special magistrate sentenced him to time served.
The defendant subsequently appeared before the felony judge for a hearing on the violation of probation. Defense counsel advised the court that the uncounseled plea was an insufficient basis for revocation of the defendant's probation. The State informed the court that it did not have notice of this defense, but that it *1256 would rely on certified convictions and would be willing to have the arresting officers come in and testify later in the week. The defense objected to any continuance and the hearing proceeded.
The defense stipulated that a probation officer had instructed the defendant concerning the terms of his probation. The probation officer then testified that the defendant had been arrested on new charges and had pled no contest to them.
The defendant testified that he was arrested and that he had been instructed that a new conviction would violate his probation. He then testified that the special magistrate did not inform him of his right to counsel, that he had not heard a videotape advising him of his rights, and did not know that he had the right to counsel at that proceeding. He did not complete an indigency affidavit and was not asked to waive his right to counsel.
The State established that the defendant had been appointed counsel in the original underlying case and was therefore aware of his right to counsel. It argued that the defendant had failed to show that his plea had been entered into unknowingly or involuntarily. Defense counsel responded:
[A]t the time [the defendant] entered the plea [he] was not advised of his right to counsel. He was not advised as to the consequences of the plea, and as an officer of the Court, on December 22nd, we are going to move to vacate that plea, based on the fact it was uncounseled.
The trial court suggested that a hearing transcript or copy of the video from the special magistrate's hearing would be the best evidence, but that was not made available. The court took judicial notice of the defendant's entitlement to counsel, and accepted the defendant's indigent status. However, the court indicated the record did not reflect any affirmative action on the part of the defendant to either request counsel or assert his rights that he was aware of by his prior contact with the system. Relying on Angel v. State, 769 So.2d 494 (Fla. 4th DCA 2000), the court found that the defendant's statement that he did not recall whether he had been advised of his rights by the special magistrate was fatal to his position. The trial court revoked the defendant's probation, adjudicated him guilty, and sentenced him to thirty months incarceration in the Florida State Prison. The defendant subsequently withdrew his uncounseled plea in misdemeanor court.
On appeal, the defendant continues to maintain that his uncounseled plea cannot be the basis for the trial court's revocation of his probation. He claims to have met the burden of showing:
(1) that the offense involved was punishable by more than six months of imprisonment or that the defendant was actually subjected to a term of imprisonment; (2) that the defendant was indigent and, thus, entitled to court-appointed counsel; (3) counsel was not appointed; and (4) the right to counsel was not waived.
State v. Beach, 592 So.2d 237, 239 (Fla. 1992).
The State responds that the defendant's failure to recollect whether he waived his right to counsel is fatal to his position. In addition, the defendant's prior experience with the criminal justice system supports the trial court's finding that he should have taken some affirmative step to assert his known right to counsel.
We normally review trial court orders on violations of probation for an abuse of discretion. State v. Carter, 835 So.2d 259, 262 (Fla.2002). However, in this instance, the issue is not whether the defendant's violation was willful and substantial, *1257 but whether the defendant met his burden of establishing that his plea was uncounseled. This presents a mixed question of law and fact. We review the legal issue de novo while accepting the trial court's factual findings as true when supported by competent, substantial evidence. State v. Glatzmayer, 789 So.2d 297, 301 n. 7 (Fla.2001).
Convictions based upon uncounseled pleas to offenses punishable by more than six months imprisonment cannot be used to "support [a] revocation of probation if there is no waiver of counsel." State v. Rock, 605 So.2d 456, 458 (Fla. 1992). The defendant bears the initial burden of showing the four factors outlined above. Angel v. State, 769 So.2d 494, 495 (Fla. 4th DCA 2000). The burden then shifts to the State "to show either that counsel was provided or that the right to counsel was validly waived." Id. at 496.
Here, the defendant established, and the trial court found, that he was subjected to an offense punishable by more than six months imprisonment, was indigent, and was entitled to counsel. And, the defendant testified that he neither signed a waiver of counsel nor told the special magistrate that he waived his right to counsel.
During the violation hearing, the State and the trial court mistakenly focused on the defendant's prior experience with the criminal justice system to establish knowledge of his rights and to require some affirmative act on his part to request counsel. Neither Beach nor Angel support the analysis undertaken by the trial court in this case. Once the defendant met his initial burden, that burden shifted to the State to prove that either counsel was provided or that the defendant validly waived his right to counsel. The State failed to establish either.
Reversed and Remanded.
STONE and FARMER, JJ., concur.