PER CURIAM.
 

 Thomas McNulty appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion which alleged ineffective assistance of counsel. McNulty raised several arguments below, only one of which we find necessitates remand.
 

 In April 2006, McNulty was charged with felony DUI and refusing to consent to a breathalyzer/blood test. A jury found him guilty of Count I, the felony DUI, and the state presented a certified copy of McNulty’s driving record showing three prior convictions for DUI. Thereupon the court found McNulty guilty of felony DUI. McNulty pled nolo contendere to count II (refusal to consent to testing). He received a five-year sentence in the Department of Corrections for the felony DUI. On direct appeal his convictions were affirmed.
 
 McNulty v. State,
 
 972 So.2d 197 (Fla. 4th DCA 2008).
 

 Subsequently, McNulty filed a rule 3.850 motion for post conviction relief alleging that he received ineffective assistance of counsel (IAC) because his trial attorney failed to investigate whether the 1982 DUI, which was part of the basis for the felony DUI charge, was uncounseled and should not have been used to enhance his fourth DUI to a felony.
 

 In response to an order to show cause issued by this court, the state argued, citing
 
 State v. Beach,
 
 592 So.2d 237 (Fla.1992), that McNulty was required to allege under oath four factors to support his claim: 1) that the offense involved was punishable by more than six months of imprisonment or that the defendant was actually subjected to a term of imprisonment; 2) that the defendant was indigent and thus entitled to court appointed counsel; 3) that counsel was not appointed; and 4) that the right to counsel was not waived. We believe that the recent decision of
 
 State v. Kelly,
 
 999 So.2d 1029 (Fla.2008), modified
 
 Beach
 
 so that a defendant now has to allege (in addition to factors 2, 3, and 4) only that the offense was punishable by imprisonment, not that the offense was punishable by more than six months imprisonment or that he was actually imprisoned. In other words, in
 
 Kelly
 
 the Florida Supreme Court ruled that indigent defendants have a right to counsel in all criminal prosecutions punishable by imprisonment, even misdemeanor prosecutions, unless the trial judge “opts out” by providing a written pretrial certification that the defendant will not be imprisoned for the charged offense.
 

 Applying
 
 Kelly
 
 to this case,
 
 [1]
 
 it is evident that McNulty alleged in his 3.850 motion only one of the four factors necessary to support a claim of IAC, that is, he alleged only that his trial attorney failed to investigate whether the 1982 DUI (which was part of the foundation for the felony DUI) was uncounseled. McNulty made no allegations that the offense was punishable by imprisonment; that he was indigent and entitled to court appointed counsel;
 
 *882
 
 and that he did not waive the right to counsel. Thus, he failed to allege the threshold requirements of
 
 Kelly.
 
 Nevertheless, in light of the Florida Supreme Court’s decision in
 
 Spera v. State,
 
 971 So.2d 754 (Fla.2007) (trial court must allow a defendant at least one opportunity to correct a pleading deficiency in a first 3.850 motion), we direct the trial court to afford McNulty the opportunity to amend his motion to allege the necessary
 
 Kelly
 
 factors, if he can do so in good faith.
 
 [2]
 

 Reversed and remanded for further proceedings.
 

 GROSS, C.J., MAY and CIKLIN, JJ., concur.
 

 [1]
 

 . Trial courts apply the decisional law that is in effect at the time of a hearing under certain circumstances.
 
 See Witt v. State,
 
 387 So.2d 922 (Fla.1980);
 
 Smiley v. State,
 
 966 So.2d 330 (Fla.2007), which holds that for decisional law to be applied retroactively it must: 1) originate in the Supreme Court of Florida or the U.S. Supreme Court; 2) be constitutional in nature; and 3) represent a development of fundamental significance.
 
 Kelly
 
 was a Florida Supreme Court decision, dealing with right to counsel and was thus constitutional in nature, and it represents a development of fundamental significance. Thus, on remand
 
 Kelly
 
 applies.
 

 [2]
 

 . We note that
 
 Spera
 
 was decided on November 1, 2007 and McNulty's 3.850 motion was filed on July 1, 2008, thus, the
 
 Spera
 
 decision, which requires trial courts to give a defendant an opportunity to amend, was applicable.