GROSS, J.
 

 Christina Yacoub appeals her conviction and sentence for felony driving under the influence. We reverse because the state failed to satisfy its burden of proving that Yacoub was either provided counsel or val
 
 *1180
 
 idly waived the right with respect to a previous misdemeanor conviction.
 

 On July 4, 2008, the state charged Ya-coub with felony driving under the influence. The felony charge was based on her guilty plea to two misdemeanor DUI offenses within the past ten years.
 
 See
 
 § 316.193(2)(b), Fla. Stat. (2008). Yacoub moved to dismiss the charge for lack of jurisdiction, arguing that there was no valid felony charge to prosecute in circuit court since one of her 2002 DUI convictions had been uncounseled. Following a hearing, the trial court denied the motion.
 

 A defendant charged with felony DUI may move to dismiss the charge by alleging that the state is improperly relying on a prior uncounseled misdemeanor DUI conviction.
 
 See State v. Kelly,
 
 999 So.2d 1029, 1052 (Fla.2008). To validly raise such a jurisdictional challenge, the defendant must satisfy an initial burden of production by asserting under oath “(1) that the [prior] offense involved was punishable by more than six months of imprisonment or that the defendant was actually subjected to a term of imprisonment; (2) that the defendant was indigent and, thus, entitled to court-appointed counsel; (3) [that] counsel was not appointed; and (4) [that] the right to counsel was not waived.”
 
 Id.
 
 at 1037 (citing
 
 State v. Beach,
 
 592 So.2d 237, 239 (Fla.1992)). If the defendant carries this minimalistic burden, then the “burden of persuasion shifts to the state to show either that counsel was provided or that the right to counsel was validly waived.”
 
 See id.
 
 at 1053.
 

 At the hearing on the motion in this case, the parties stipulated that Ya-coub pleaded guilty to two prior DUIs on the same date in 2002 before the same judge, while Yacoub was in custody. They further agreed that one DUI was handled by the public defender’s office and that the second was punishable by imprisonment. The state had the burden of establishing that counsel was provided for the second DUI or that Yacoub validly waived her right to counsel. The state offered no transcript of the 2002 plea conference and no other evidence of what occurred. The state produced no written waiver of the right to counsel.
 
 See
 
 Fla. R.Crim. P. 3.160(e). The lawyer who was present for Yacoub on one DUI at the 2002 hearing did not appear to testify. The state argued that the temporal proximity of the two pleas circumstantially established that both pleas were entered on the advice of counsel. The trial judge accepted this view. However, the state’s “showing” failed to meet the requirements of
 
 Beach
 
 and
 
 Kelly,
 
 which require “evidence in the record”
 
 “‘to show
 
 [1] either that counsel was provided or [2] that the right to counsel was
 
 validly
 
 waived.’ ”
 
 Beach,
 
 592 So.2d at 239;
 
 Kelly,
 
 999 So.2d at 1037 (quoting Beach) (emphasis in original). The sparse record failed to carry the state’s burden of persuasion under
 
 Kelly
 
 and
 
 Beach.
 
 We therefore reverse the felony conviction and remand to the circuit court to resentence Yacoub to misdemeanor driving under the influence.
 

 Reversed and remanded.
 

 MAY, C.J., and DAMOORGIAN, J., concur.