On Order to Show Cause

PER CURIAM.
We previously affirmed the summary denial of the appellant’s petition for writ of *555 habeas corpus, which the trial court correctly treated as an untimely and successive rule 3.850 motion. Rivera v. State, 2014 WL 553786 (Fla. 4th DCA Feb. 13, 2014).
In an order issued on August 17, 2011, in case number 4D11-329, the appellant was cautioned that any further abusive, repetitive, malicious, or frivolous filings might result in sanctions such as a bar on pro se filings in this court and referral to prison officials for disciplinary procedures. See State v. Spencer, 751 So.2d 47 (Fla.1999); § 944.279(1), Fla. Stat. (2009). Nevertheless, the instant appeal is taken from the denial of a petition filed in June of 2013 which is substantially similar to the motion at issue in case numbers 4D11-329, 4D08-2231, and 4D08-5184.
When we affirmed the denial in the instant case, we also issued a Spencer order, directing the appellant to show cause why this court should not impose the sanction of no longer accepting his pro se filings. Appellant responded to the order but has not satisfactorily shown why we should not impose sanctions pursuant to Spencer. He continues to insist that because he obtained a document establishing that he failed to appear on a DUI charge in Georgia, where his nonappearance was considered a conviction and his bond forfeiture a fine, that said conviction therefore was “uncounseled” and could not be counted as one of the three or more prior DUI convictions necessary to make the one charged in the instant case a felony under section 316.193(2)(b)3., Florida Statutes (2003). It is not as simple as that. See Yacoub v. State, 85 So.3d 1179, 1180 (Fla. 4th DCA), rev. denied, 104 So.3d 1087 (Fla.2012) (setting forth steps involved in defendant’s establishing the state’s improper reliance on prior uncounseled misdemeanor DUI conviction to obtain felony charge).
The appellant’s response convinces this court of the need to impose sanctions to prevent his abuse of postconviction relief procedures. See McCutcheon v. State, 44 So.3d 156, 161 (Fla. 4th DCA 2010). Therefore, the Clerk of this court is directed to no longer accept any filings by Alberto Rivera, Sr., in trial court case number 50-2003-CF-010679-AXXX-MB unless the documents have been reviewed and signed by a member in good standing of The Florida Bar. The appellant’s pro se filings in connection with said lower tribunal case number will no longer be accepted by this court.

Sanctions imposed.

WARNER, GROSS and LEVINE, JJ„ concur.