HALL, Judge.
The state challenges the order granting the appellee’s motion to prohibit enhancement or motion to dismiss and certifying that the charge against the appellee for driving under the influence be treated as a misdemeanor. We reverse.
The appellee filed the motion to prohibit enhancement after he was charged by information with felony DUI under section 316.193(2)(b), Florida Statutes (1987), which provides that a defendant shall be charged with felony DUI if he has three prior DUI convictions. In the motion the appellee asserted that his two 1982 DUI convictions were uncounseled and could not be used in conjunction with his 1986 DUI conviction to enhance the pending charge to a felony. The trial court concurred with that assertion with regard to the 1982 conviction in case no. 82-129-066-0 and certified the pending charge as a misdemeanor.
The state contends that the trial court erred in granting the appellee’s motion because the appellee did not have a right to counsel under the law as it existed in 1982. When the appellee was convicted of the two DUI’s in 1982, he was not subject to more than six months’ imprisonment for either conviction. § 316.193(2), Fla.Stat. (1981). In order to be entitled to counsel, *6 the appellee must have been subject to more than six months in prison upon conviction or actually have been imprisoned upon conviction.[1] Baldasar v. Illinois, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169, reh. denied, 447 U.S. 930, 100 S.Ct. 3030, 65 L.Ed.2d 1125 (1980); Leffew v. State, 518 So.2d 1376, 1378 (Fla. 2d DCA 1988).
We agree with the state’s contention and set aside the trial court’s order certifying the felony as a misdemeanor and remand for further proceedings upon the felony charge.
DANAHY, A.C.J., and ALTENBERND, J., concur.

. In deference to the trial judge, at the hearing on the appellee’s motion, pages 116-117 of the record, the state attorney indicated that a sentence of less than six months’ imprisonment would have entitled the appellee to counsel for his 1982 charges.