585 So.2d 928 (1991)
Albert HLAD, Jr., Petitioner,
v.
STATE of Florida, Respondent.
No. 76623.
Supreme Court of Florida.
August 29, 1991.
James B. Gibson, Public Defender and James R. Wulchak, Chief, Appellate Div., Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, for petitioner.
Robert A. Butterworth, Atty. Gen. and Judy Taylor Rush, Asst. Atty. Gen., Daytona Beach, for respondent.
GRIMES, Justice.
We review Hlad v. State, 565 So.2d 762 (Fla. 5th DCA 1990), because of its conflict with State v. Troehler, 546 So.2d 109 (Fla. 4th DCA 1989), and Pilla v. State, 477 So.2d 1088 (Fla. 4th DCA 1985). We have jurisdiction under article V, section 3(b)(3) of the Florida Constitution.
Hlad was convicted of driving under the influence of alcohol (DUI) after having been three times previously convicted of DUI, a crime which was enhanced to a felony because of the three prior convictions pursuant to section 316.193(2)(b), Florida Statutes (1987). Hlad contended that his prior 1978 DUI conviction could not be used for enhancement purposes because even though he had not been incarcerated, the conviction was obtained without the benefit of a court-appointed attorney. In an en banc decision, a majority of the court below held that Hlad had no constitutional right to appointed counsel in the prior DUI case and affirmed the conviction for felony DUI.
A proper disposition of this case requires an analysis of several decisions of the United States Supreme Court. In the landmark case of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), the Court held that an indigent defendant charged with a felony had a constitutional right to be furnished with a lawyer. *929 Thereafter, in Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), the Court was asked to determine whether Gideon was applicable to an uncounseled defendant[1] who was sentenced to ninety days in jail for conviction of a misdemeanor. Following the rule applicable to the right to trial by jury, the court below had held that the right to appointed counsel extended only to trials for petty offenses punishable by more than six months' imprisonment. The Supreme Court held, however, that absent a knowing, intelligent waiver an indigent defendant could not be imprisoned for any offense unless he was represented by counsel.
In Scott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979), an indigent defendant was charged with theft of merchandise valued at less than $150, for which the maximum penalty is a $500 fine or one year in jail or both. He was convicted and fined $50. He contended that under Argersinger his uncounseled conviction was invalid. However, the Court held that the United States Constitution required only that no uncounseled defendant be sent to jail.
The case of Baldasar v. Illinois, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), presented the issue in a different context. The defendant was first charged with misdemeanor theft for which he could be punished by not more than a year of imprisonment and a fine of not more than $1000. He was convicted and received a fine and one year of probation. Thereafter, he was charged with stealing a $29 shower head. The prosecutor introduced evidence of the prior conviction and asked that Baldasar be punished as a felon under an enhancement statute. Despite Baldasar's contention that his earlier conviction had been uncounseled, he was convicted of the felony and jailed for three years. Four justices of the Supreme Court held that Baldasar could not be sentenced to the increased term of imprisonment upon conviction of the second crime because he had not had the assistance of appointed counsel in the previous prosecution. Four other justices reasoned that because the prior conviction was valid under Scott, it could properly be used as a predicate for enhancing Baldasar's subsequent conviction. As the swing vote in Baldasar's favor, Justice Blackmun wrote a concurring opinion as follows:
In Scott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979), I stated in dissent:
"Accordingly, I would hold that an indigent defendant in a state criminal case must be afforded appointed counsel whenever the defendant is prosecuted for a nonpetty criminal offense, that is, one punishable by more than six months' imprisonment, see Duncan v. Louisiana, 391 U.S. 145, [194, 88 S.Ct. 1444, 20 L.Ed.2d 491] (1968); Baldwin v. New York, 399 U.S. 66, [90 S.Ct. 1886, 26 L.Ed.2d 437] (1970), or whenever the defendant is convicted of an offense and is actually subjected to a term of imprisonment, Argersinger v. Hamlin, 407 U.S. 25, [92 S.Ct. 2006, 32 L.Ed.2d 530] (1972).
"This resolution, I feel, would provide the `bright line' that defendants, prosecutors, and trial and appellate courts all deserve and, at the same time, would reconcile on a principled basis the important considerations that led to the decisions in Duncan, Baldwin, and Argersinger." Id. [440 U.S.], at 389-390, 99 S.Ct., at 1170-1171.
I still am of the view that this "bright line" approach would best preserve constitutional values and do so with a measure of clarity for all concerned. Had the Court in Scott v. Illinois adopted that approach, the present litigation, in all probability, would not have reached us. Petitioner Baldasar was prosecuted for an offense punishable by more than six months' imprisonment, and, under my test, was entitled to counsel at the prior misdemeanor proceeding. Since he was *930 not represented by an attorney, that conviction, in my view, is invalid and may not be used to support enhancement.
I therefore join the Court's per curiam opinion and its judgment.
Baldasar, 446 U.S. at 229-30, 100 S.Ct. at 1589 (Blackmun, J., concurring).
Following an analysis of the foregoing decisions, the court below concluded that Hlad's "argument must fail for the simple reason that the crime to which he pled guilty in 1978 was not one which was punishable by more than six months imprisonment, and he was not actually subjected to a term of imprisonment." Hlad, 565 So.2d at 764. In support of its decision, the court referred to Judge Zehmer's analysis of Baldasar in Allen v. State, 463 So.2d 351 (Fla. 1st DCA 1985). Accord State v. Hanney, 571 So.2d 5 (Fla. 2d DCA 1990). Without reference to Baldasar, the court in State v. Troehler reached the opposite result. Accord Pilla v. State.
We agree with the reasoning of the court below. Under Justice Blackmun's bright line rule, Hlad's prior DUI conviction would have been valid for enhancement because he did not receive imprisonment nor could he have been imprisoned for more than six months as a result of the uncounseled conviction. This rationale is well articulated by Professor David S. Rudstein in a law review article in which he stated:

Baldasar should not be read, however, to preclude the subsequent use of a prior uncounseled misdemeanor conviction under an enhanced penalty provision when the previous offense was punishable by imprisonment for six months or less and the conviction did not actually result in the defendant's imprisonment. The opinions of Justices Marshall and Stewart would clearly preclude the subsequent enhancement use of any prior uncounseled misdemeanor conviction. These opinions focused only on the increased imprisonment for the subsequent offense without any mention of the authorized punishment for the prior offense. It is equally clear the four dissenters would allow such a conviction to be used for enhancement purposes if, as in Baldasar, the prior conviction was constitutional under Argersinger and Scott.

The deciding opinion, therefore, would be that of Justice Blackmun. Although he did not expressly deal with this situation in Baldasar, it is fair to infer from Justice Blackmun's emphasis on the invalidity of Baldasar's previous conviction under his brightline test that he would allow a prior uncounseled misdemeanor conviction that was constitutionally valid to be subsequently used under an enhanced penalty provision. Additionally, in Justice Blackmun's view, a misdemeanor conviction for an offense punishable by not more than six months imprisonment that does not actually result in the defendant's imprisonment is constitutionally valid, even though uncounseled. It therefore follows he would join with the four Baldasar dissenters and allow its subsequent use for sentence enhancement purposes.
David S. Rudstein, The Collateral Use of Uncounseled Misdemeanor Convictions After Scott and Baldasar, 34 U.Fla.L.Rev. 517, 534-35 (1982) (footnotes omitted).
Accordingly, we approve the opinion below. We quash State v. Troehler and Pilla v. State to the extent that they are inconsistent with this opinion.
It is so ordered.
SHAW, C.J. and OVERTON, McDONALD and HARDING, JJ., concur.
BARKETT, J., dissents with an opinion, in which KOGAN, J., concurs.
KOGAN, J., dissents with an opinion, in which BARKETT, J., concurs.
BARKETT, Justice, dissenting.
I do not believe it is fair to use a prior uncounseled misdemeanor conviction to enhance a subsequent sentence. Permitting a misdemeanor conviction to stand when a defendant has not received the benefit of counsel has been rationalized because the punishment was not "severe," that is, the defendant was "only" fined or placed on probation but not jailed. See Scott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979). However, to permit *931 subsequent enhancement based on a conviction achieved by an uncounseled plea totally vitiates the rationalization that the uncounseled conviction carried no "severe" consequences. Thus, I believe that concepts of equal justice and due process prohibit enhancement of a subsequent conviction based upon a criminal conviction, by plea or otherwise, unless the defendant at the prior proceeding had the benefit of counsel and understood all the possible ramifications or specifically waived the right. See art. I, §§ 9, 16(a), Fla. Const.
Moreover, under federal law, I believe that Scott and Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), necessarily compel the conclusion that the Sixth and Fourteenth Amendments do not permit an increased prison sentence based solely on a previous conviction in which the defendant was not afforded assistance of counsel.[2] The sentence that Hlad received in this case would not have been authorized under the guidelines "but for the previous conviction. It was imposed as a direct consequence of that uncounseled conviction and is therefore forbidden under Scott and Argersinger." Baldasar v. Illinois, 446 U.S. 222, 227, 100 S.Ct. 1585, 1588, 64 L.Ed.2d 169 (1980) (Marshall, J., concurring).
Furthermore, I believe the majority mischaracterizes the holding of Baldasar and errs in concluding that it supports an enhancement in this case. As the majority correctly notes, four members of the Court declared that no uncounseled conviction could be used to enhance a subsequent conviction because it would then result in jail time attributable solely to the uncounseled conviction in violation of Argersinger and Scott. Four other justices opined that a conviction that was otherwise valid under Scott[3] could be used to enhance a subsequent sentence. The deciding vote was cast by Justice Blackmun, who believed that a defendant was entitled to counsel when facing a charge punishable by more than six months' imprisonment, whether imprisonment was actually imposed or not. See also Scott, 440 U.S. at 389-90, 99 S.Ct. at 1170 (Blackmun, J., dissenting). Thus, Justice Blackmun voted to prohibit enhancement of Baldasar's sentence because his prior uncounseled conviction was punishable by more than six months' imprisonment and thus invalid. The majority's conclusion that Baldasar authorizes the enhancement here is premised on the speculation that Justice Blackmun would have joined the dissenters in Baldasar to form a majority had the prior offense in that case not been punishable by more than six-months imprisonment. As Judge Cowart notes, this speculation is ill-founded:
Justice Blackmun did not reach the issue of use of the misdemeanor conviction in the subsequent proceeding to enhance imprisonment because in his view, that misdemeanor conviction itself was constitutionally invalid. Justice Blackmun provides no clue as to how he would rule if the State sought to use a misdemeanor conviction valid under his right to counsel test to subsequently enhance imprisonment.
... Indeed, it seems more likely than not that Justice Blackmun, who sought unsuccessfully to extend the right to counsel in Scott v. Illinois would not permit an uncounseled misdemeanor conviction to be used to subsequently increase a defendant's imprisonment.
... .
... [Moreover], neither Argersinger nor Scott was overruled or invalidated merely because in Justice Blackmun's concurring opinion in Baldasar Justice Blackmun referred to his dissent in Scott, nor is the holding in Baldasar limited merely because the result in Baldasar could have resulted under Justice Blackmun's dissenting view in Scott.... With all due respect to Professor Rudstein, Justice Blackmun's individual views as expressed in his dissent in Scott (with which none of the other eight justices agreed) and in his special concurring *932 opinion in Baldasar, (with which again none of the other eight justices agreed), do not constitute the opinion of the Supreme Court of the United States. Baldasar is viable, in point and controlling and requires a reversal in this case.
Hlad v. State, 565 So.2d 762, 771-72 (Fla. 5th DCA 1990) (Cowart, J., dissenting) (footnotes omitted).
KOGAN, J., concurs.
KOGAN, Justice, dissenting.
The comments made by Justice Barkett in her dissent are, I believe, the correct interpretation of the law applicable to this case. In addition, I would hold that article I, sections 9, 16, and 21 of the Florida Constitution require that the state must afford an indigent defendant impartial counsel in any case in which there is a possibility of incarceration; and that, if the state fails to afford counsel in such circumstances, the defendant may not be imprisoned upon conviction, and the conviction may not be used to enhance any later penalty.
The Florida Constitution guarantees residents of this state a right of due process, meaningful access to counsel, and meaningful access to the courts. Art. I, §§ 9, 16, 21, Fla. Const. The majority's interpretation of the law, even if it were a proper interpretation of federal precedent, essentially is that the state can do indirectly what it could not do directly. I cannot agree that back-door punishment of this type comports with due process, the right to counsel, or the right to a meaningful day in court. Even if some federal court accorded to the United States Constitution this narrow view of basic rights, I certainly cannot find such a construction in the broader Declaration of Rights contained in Article I of the Florida Constitution.
I respectfully dissent.
BARKETT, J., concurs.
NOTES
[1] The term uncounseled defendant as used in this opinion refers to an indigent defendant who was not provided with a lawyer.
[2] There is no evidence in the record that Hlad waived counsel at the prior proceeding.
[3] In other words, the defendant was not entitled to court-appointed counsel because the punishment imposed did not include jail time.