776 So.2d 962 (2000)
Kirk HARDY and The Office of the Public Defender for the Eleventh Judicial Circuit of Florida, Petitioners,
v.
The STATE of Florida, et al., Respondents.
No. 3D00-3361.
District Court of Appeal of Florida, Third District.
December 20, 2000.
Rehearing Denied February 14, 2001.
Bennett H. Brummer, Public Defender, and John E. Morrison, Assistant Public Defender, for petitioners.
Robert A. Butterworth, Attorney General, and Steven R. Berger, Assistant Attorney General, for respondents.
Before GODERICH, FLETCHER, and SHEVIN, JJ.
FLETCHER, Judge.
The county court for Miami-Dade County certified to this court the following question as one of great public importance:
WHETHER AN INDIGENT DEFENDANT WHO IS CHARGED WITH A MISDEMEANOR AND REMAINS IN JAIL AWAITING TRIAL, IN LIEU OF A REASONABLE BOND, IS ENTITLED TO APPOINTED COUNSEL WHERE THE JUDGE HAS FILED A WRITTEN STATEMENT THAT NO JAIL TIME WILL BE IMPOSED IN THE EVENT OF CONVICTION?
We have studied rule 3.111, Florida Rules of Criminal Procedure, regarding provision of counsel to indigents, section 27.51, Florida Statutes (1999), regarding the duties of the public defender, and State v. Ull, 642 So.2d 721 (Fla.1994). We conclude that any time an indigent defendant is incarcerated prior to trial because she or he cannot afford bond, and thus faces the prospect of awaiting trial in jail, a public defender shall be appointed, notwithstanding that certification is made that there will be no jail time to be served upon conviction. Even though the defendant will be released pursuant to the certification, with no additional jail time, pretrial detention under such circumstances is tantamount to a "time served" sentence and the indigent defendant is entitled to representation by the public defender.
The certified question being so answered, the petition for writ of mandamus is hereby granted. The county court for Miami-Dade County shall reinstate petitioner's public defender. Because we trust that the county court will fully comply with *963 the dictates of this order, we withhold issuance of the writ.