621 S.E.2d 655

**Leroy E. GLAZE, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

No. 26049.

Supreme Court of South Carolina.

Submitted Sept. 22, 2005.

Decided Oct. 17, 2005.

Assistant Appellate Defender Robert M. Dudek, of Columbia, for Petitioner.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Adrianne Turner, all of Columbia, for Respondent.

Justice PLEICONES:

We granted a writ of certiorari to review the denial of post-conviction relief (PCR) to Petitioner Leroy E. Glaze (Petitioner). We affirm.

## FACTS

Petitioner pleaded guilty to distribution of crack cocaine. During sentencing, Petitioner's attorney, the State, and the court agreed that Petitioner's pleas rendered him a three-time offender, meaning the sentence was subject to enhancement.[1] Petitioner was on probation for a South Carolina crack-possession conviction and had a prior conviction from New Jersey for possession of marijuana.

The trial court first revoked Petitioner's probation and imposed a five-year sentence for the crack-possession conviction. The trial court also sentenced Petitioner to ten years imprisonment for the crack distribution. The sentences were to run concurrently.

At the PCR hearing, Petitioner argued that trial counsel was ineffective for failing to object to Petitioner's being sentenced as a three-time offender. Petitioner asserted that his New Jersey conviction for marijuana possession should not have been considered and that he therefore should have been sentenced as a two-time offender. Petitioner claimed that as the maximum sentence for a three-time offender is greater

---

1. For a first offense of crack distribution, a person "must be sentenced to a term of imprisonment of not more than fifteen years and fined not less than twenty-five thousand dollars." S.C.Code Ann. § 44–53–375(B)(1) (2002). "[F]or a second offense or if, in the case of a first conviction ... the offender has been convicted of any of the laws of the United States or of any state, territory, or district relating to narcotic drugs, marijuana, depressant, stimulant, or hallucinogenic drugs, the offender must be imprisoned for not more than twenty-five years and fined not less than fifty thousand dollars." S.C.Code Ann. § 44–53–375(B)(2) (2002). "[F]or a third or subsequent offense or if the offender has been convicted two or more times in the aggregate of any violation of the laws of the United States or of any state, territory, or district relating to narcotic drugs, marijuana, depressant, stimulant, or hallucinogenic drugs, the offender must be imprisoned for not more than thirty years and fined not less than one hundred thousand dollars." S.C.Code Ann. § 44–53–375(B)(3) (2002).

than that for a two-time offender, the trial court's sentencing decision was affected by an error of law.

The basis for Petitioner's argument was that because the sentence for the New Jersey marijuana conviction violated his right to counsel under the Fourteenth Amendment,[2] the conviction could not be used to enhance his present sentence. In the New Jersey trial, Petitioner was an indigent defendant and had neither waived his right to counsel nor been afforded counsel by the state. He had spent ten days in jail awaiting trial because he could not post bail. According to Petitioner, when the New Jersey court sentenced him to "time served," the court ran afoul of *Scott v. Illinois*, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979), in which the United States Supreme Court held that absent a valid waiver, an indigent defendant convicted of a misdemeanor without the assistance of counsel cannot be sentenced to any term of imprisonment. Consequently, Petitioner claimed, under *Nichols v. United States*, 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994), the New Jersey marijuana conviction could not constitutionally be used to enhance his South Carolina sentence for crack-distribution.

The PCR court held that trial counsel was not ineffective for failing to object to Petitioner's being sentenced as a three-time offender. The court held that the sentence for the New Jersey conviction was constitutional under *Scott v. Illinois* and that the conviction was therefore permissibly used for sentence enhancement under *Nichols v. United States*. Thus, the court denied PCR.

## ISSUE

Whether the PCR court erred in holding that trial counsel was not ineffective for failing to object to the trial court's sentencing Petitioner as a three-time offender.

---

2. The right to counsel under the Sixth Amendment to the United States Constitution applies in state courts through the Due Process Clause of the Fourteenth Amendment. U.S. Const. amend. VI; U.S. Const. amend. XIV, § 1; *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

### ANALYSIS

"To establish a claim of ineffective assistance of counsel, the PCR applicant must establish that trial counsel's representation fell below an objective standard of reasonableness *and* that, but for counsel's errors, there is a reasonable probability the result would have been different." *Patterson v. State,* 359 S.C. 115, 117, 597 S.E.2d 150, 151 (2004) (citing *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)) (emphasis added). On review, the Court must affirm the factual findings of the PCR court if there is any probative evidence to support them. The Court must reverse the PCR court's decision if based on an error of law. *Hall v. Catoe,* 360 S.C. 353, 359, 601 S.E.2d 335, 338 (2004).

In this case, Petitioner does not argue that the PCR court's factual findings are unsupported by the evidence. Rather, the case turns on a narrow issue of law: whether an indigent defendant convicted of a misdemeanor is unconstitutionally denied the right to counsel if he is sentenced to time served after neither waiving his right to counsel nor being provided counsel by the state. We hold that he is not. Consequently, Petitioner's time-served sentence was constitutional. Trial counsel had no reason to object to the use of Petitioner's marijuana conviction as a sentence enhancer, thus counsel's performance was not deficient.

In *Argersinger v. Hamlin,* the United States Supreme Court held "that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." 407 U.S. 25, 37, 92 S.Ct. 2006, 2012, 32 L.Ed.2d 530, 538 (1972). In *Scott v. Illinois,* the Court clarified that when imprisonment is an authorized punishment but is not actually imposed on an unrepresented defendant convicted of a misdemeanor, there is no abrogation of the right to counsel. 440 U.S. at 373–74, 99 S.Ct. at 1162, 59 L.Ed.2d at 389. In other words, actual imprisonment is the event that triggers the right to counsel. *Id.* Moreover, in *Nichols v. United States,* the Court held "that an uncounseled misdemeanor conviction, valid under *Scott* because no prison term was imposed, is also valid when used to enhance punish-

ment at a subsequent conviction." 511 U.S. at 748–49, 114 S.Ct. at 1928, 128 L.Ed.2d at 755.

Here, Petitioner argues that he was in fact imprisoned for the uncounseled marijuana conviction. After he was arrested, he was unable to post bail and therefore spent ten days in jail while his trial was pending. According to Petitioner, when he was sentenced to time served, he was actually sentenced to a ten-day term of imprisonment; he had just already served it. Because he was not provided an attorney, Petitioner claims, the time-served sentence was invalid under *Scott* and it was therefore improper under *Nichols* for the sentencing judge to consider the marijuana conviction.

Although Petitioner was nominally sentenced to prison for an uncounseled conviction, his time-served sentence was not in violation of *Scott*. Petitioner's proposed application of *Scott* and *Nichols* would do nothing to prevent uncounseled losses of liberty. For example, if Petitioner had not been sentenced to time served, but rather to a fine, then he would now have no basis for saying that the marijuana conviction was improperly used for sentence enhancement. A fine for an uncounseled misdemeanor conviction is perfectly valid under *Scott*, so the conviction would have been available as a sentence enhancer under *Nichols*. Nevertheless, Petitioner still would have spent those ten days in jail.

The proper inquiry under *Scott* is whether the uncounseled misdemeanor conviction actually resulted in confinement. *Compare Nicholson v. State*, 761 So.2d 924, 930–31 (Miss.Ct. App.2000) (holding that a conviction which resulted in a time-served sentence can be used for sentence enhancement), *with State v. O'Neill*, 140 Ohio App.3d 48, 746 N.E.2d 654 (7 Dist.2000) (holding that such a conviction cannot be used for sentence enhancement). The reason that Petitioner spent ten days in jail is he was charged with a misdemeanor and could not post bail. He was subjected to no period of confinement as a result of his uncounseled marijuana conviction, so his time-served sentence did not violate the constitution. Trial counsel therefore had no reason to object based on *Nichols* to Petitioner's being sentenced as a three-time offender. Trial counsel's performance was therefore not deficient.

## CONCLUSION

Petitioner did not receive ineffective assistance of counsel. The denial of PCR is

**AFFIRMED.**

TOAL, C.J., MOORE, WALLER and BURNETT, JJ., concur.