946 So.2d 1152 (2006)
STATE of Florida, Appellant,
v.
Glenn KELLY, Appellee.
No. 4D06-1039.
District Court of Appeal of Florida, Fourth District.
December 20, 2006.
*1153 Charles J. Crist, Jr., Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellant.
Frank A. Maister, Fort Lauderdale, for appellee.
KLEIN, J.
After Kelly was charged with felony DUI, he moved to dismiss the information on the ground that he was being charged with a felony based on two earlier DUIs and, because the earlier DUIs were uncounseled misdemeanors, they could not be used to enhance this DUI to a felony. The trial court granted the motion, and the state appeals. The ultimate answer to the question depends on whether the Florida Supreme Court adheres to Hlad v. State, 585 So.2d 928 (Fla.1991), or recedes from Hlad and follows Nichols v. United States, 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994). Being bound by Hlad, we affirm and certify the issue as one of great public importance.
Kelly pled no contest to a DUI in 1995 and another DUI in 1997. He testified in this case that he was indigent, not represented by counsel in those cases, and not incarcerated in either case. The trial court ruled that, because Kelly could have been incarcerated in the prior cases for more than six months, the two prior uncounseled convictions cannot be used to enhance his current misdemeanor DUI to a felony DUI.
In Hlad the Florida Supreme Court held that an uncounseled earlier misdemeanor DUI conviction could be used to enhance a current DUI charge to a felony, because the defendant "did not receive imprisonment nor could he have been imprisoned for more than six months as a result of the uncounseled conviction." Hlad, 585 So.2d at 930. See also State v. Beach, 592 So.2d 237 (Fla.1992). In Hlad the Florida Supreme Court relied entirely on decisions of the United States Supreme Court such as Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972) (indigent defendant entitled to counsel where convicted of misdemeanor resulting in incarceration). Most significantly, the Hlad court relied primarily on Baldasar v. Illinois, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), which was not entirely clear as to whether it is actual imprisonment, or the possibility of imprisonment for more than six months, which makes an uncounseled prior misdemeanor conviction unavailable for enhancement.
After the Florida Supreme Court decided Hlad, the United States Supreme Court overruled Baldasar and clarified that it was only actual imprisonment which would *1154 preclude a prior uncounseled misdemeanor conviction from being used to enhance. Nichols v. United States, 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994). The Nichols Court, in footnote 12, left the states free to guarantee a right to counsel for indigent defendants charged with misdemeanors where there is no prison term imposed, if imprisonment is a possibility. The trial court in this case accordingly correctly followed Hlad.
We therefore affirm, but, because the Florida Supreme Court relied previously on Baldasar when it decided Hlad and Beach, and Baldasar has now been overruled, we certify the following question as one of great public importance.[1]
Can an uncounseled prior misdemeanor conviction, in which the defendant could have been incarcerated for more than six months, but was not incarcerated for any period, be used to enhance a current charge from a misdemeanor to a felony?
POLEN and MAY, JJ., concur.
NOTES
[1] The state has argued that Kelly is precluded from raising the issue of his uncounseled prior convictions because, in the plea agreements in those cases, he waived the right to counsel. This issue was contested at the evidentiary hearing on the motion to dismiss, at which Kelly testified, and the court, although not expressly saying so, obviously resolved the waiver issue against the state.