988 So.2d 101 (2008)
Anne COMEAUX, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-3656.
District Court of Appeal of Florida, Fifth District.
July 18, 2008.
*102 James S. Purdy, Public Defender, and Ailene S. Rogers, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
LAWSON, J.
Anne Comeaux entered a plea to felony driving under the influence ("DUI"),[1] preserving one issue for appeal. She argues that the trial court erred in permitting the State to enhance her crime to a felony using a 1989 DUI conviction that resulted from an uncounseled plea. We disagree and affirm.
Under Hlad v. State, 585 So.2d 928, 930 (Fla.1991), a defendant's prior DUI conviction resulting from an uncounseled plea can be used to enhance a later DUI offense if the prior conviction "does not actually result in the defendant's imprisonment."[2] Comeaux argues that her 1989 conviction resulted in imprisonment for one day, and could therefore not be used for enhancement under Hlad. The State argues that the 1989 conviction did not result in any imprisonment, and therefore could be used for enhancement under Hlad.
*103 The sentence imposed in 1989 was a one-year probationary sentence. The court then awarded Comeaux one day of credit against her probationary term for the day she spent in jail upon her arrest and prior to entry of her plea. Comeaux' argument is that by awarding "time served," the court necessarily imposed a one-day jail sentence. She cites no authority for this position, but makes what she views as a compelling logical argument that "[g]iving credit for time served necessarily imposes a jail sentence, otherwise there would be no need to award credit for time served."
Contrary to Comeaux' argument, the reason to give time served under these circumstances is to avoid a punishment that exceeds the statutory maximum penalty for the crime. See Netherly v. State, 873 So.2d 407, 410 (Fla. 2d DCA 2004) (holding that credit must be given against a probationary sentence for time "spent in jail" where failure to give the credit will result in a punishment longer than the statutory maximum permitted for the crime). Importantly, it was not Comeaux' conviction in this case that "result[ed] in the defendant's imprisonment," Hlad, 585 So.2d at 930, because the sentencing judge only imposed probation. Rather, her arrest resulted in her temporary confinement, which the sentencing judge had to give her credit for when he imposed the year of probation. But, simply crediting Comeaux with the day she spent in jail prior to her plea, against an imposed probationary sentence, did not transform a day of her probationary sentence into an incarcerative sentence.
AFFIRMED.
PLEUS and COHEN, JJ., concur.
NOTES
[1] See § 316.193(1), (2), Fla. Stat. (2006).
[2] Under Hlad, the State is also barred from using a conviction obtained pursuant to an uncounseled plea for later enhancement where the conviction could have resulted in the defendant's imprisonment for more then six months. Hlad, 585 So.2d at 928. As explained in State v. Kelly, 946 So.2d 1152, 1153 (Fla. 4th DCA 2006), rev. granted, 949 So.2d 199 (Fla.2007), in reaching this result "the Hlad court relied primarily on Baldasar v. Illinois, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), which was not entirely clear as to whether it is actual imprisonment, or the possibility of imprisonment for more than six months, which makes an uncounseled prior misdemeanor conviction unavailable for enhancement." However, "[a]fter the Florida Supreme Court decided Hlad, the United States Supreme Court overruled Baldasar and clarified that it was only actual imprisonment which would preclude a prior uncounseled misdemeanor conviction from being used to enhance." Id. at 1153-54 (citing Nichols v. United States, 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994)). The Nichols court, however, left the states free to guarantee a right to counsel for indigent defendants charged with misdemeanors where there is no prison term imposed, but imprisonment is a possibilityand the issue is currently pending again in the Florida Supreme Court. As for this case, Comeaux' 1989 conviction under section 316.193, Florida Statutes (1989), only subjected her to a potential jail sentence of six months.