995 So.2d 1034 (2008)
STATE of Florida, Appellant,
v.
William BROWN, Appellee.
No. 4D07-3828.
District Court of Appeal of Florida, Fourth District.
November 12, 2008.
Rehearing Denied January 5, 2009.
*1035 Bill McCollum, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellant.
Forrest S. Freedman of the Law Offices of Forrest Freedman, P.A., Fort Lauderdale, for appellee.
TAYLOR, J.
The State of Florida appeals an order granting the defendant's motion to prohibit the state from using an uncounseled prior DUI conviction to enhance the defendant's current DUI charge to a felony. We reverse, concluding that the uncounseled prior DUI conviction can be used for enhancement because the defendant did not actually receive a sentence of imprisonment in the prior case nor face a sentence exceeding six months in that case.
The defendant was charged by information with felony DUI. The charge was based on the present offense and two prior DUI convictions. Defendant filed a sworn motion to prohibit the state from using one of the prior DUI convictions for enhancement, alleging that it was an uncounseled conviction for an offense punishable by more than six months in jail and that he actually received a jail sentence for the offense. With respect to the jail sentence, the defendant explained that he spent approximately 48 hours in jail following his arrest on November 30, 1988, and was later sentenced to time served. The defendant affirmed that counsel was not appointed to him and was never waived by him.
A clerk's certificate attached to the defendant's motion indicated that the defendant was charged with DUI under section 316.193, Florida Statutes (1987), with an issue date of November 30, 1988 and a disposition date of October 26, 1990. It reflects that the defendant pled no contest to a violation of Fla. Stat. § 316.193 (no accident), was found guilty, and was sentenced to a fine of $1042.50, with no jail time. The clerk's certificate further states that the case file has been destroyed in compliance with the Florida retention schedules and that sentencing information is no longer available. Later, a second clerk's certificate for this same offense surfaced, which indicated that there was, in fact, an accident.
*1036 The trial court entered a written order granting the defendant's motion. The court rejected the state's argument that the defendant's challenge was barred by laches because the defendant failed to challenge his conviction for almost seventeen years. The court reasoned that "the Doctrine of Latches is inapplicable in that the State has the burden of bringing the charges and until the State brought such charges, the defendant had no way of knowing he would be charged and thus no reason to challenge the 1988 conviction as uncounseled."
Relying on State v. Beach, 592 So.2d 237 (Fla.1992) and Hlad v. State, 585 So.2d 928 (Fla.1991), the court then found that the defendant met his initial burden to establish his right to counsel in the prior DUI proceeding by showing that: 1) the offense involved was punishable by more than six months of imprisonment or the defendant was actually subjected to a term of imprisonment; 2) the defendant was indigent, thus entitled to court appointed counsel; 3) court appointed counsel was not appointed, and 4) the right to counsel was not waived.
With respect to its finding that the defendant was actually subjected to a term of imprisonment, the court accepted the defendant's argument that the forty-eight hours he spent in jail after his arrest, due to his inability to post bond, constituted a term of imprisonment. In the alternative, the trial court found that, even though there was no accident, the defendant faced a potential maximum sentence that exceeded six months in jail. The trial court concluded that because "the State has been unable to show he was counseled for such plea or waived counsel, that 1988 case cannot be used as a predicate offense in the instant charge."
Under section 316.193(2)(b)1., Florida Statutes (2007), a defendant is subject to felony sanctions for a third DUI offense if one of the prior DUI offenses occurred within ten years of the new offense. The United States Supreme Court has held that convictions obtained in violation of the right to counsel cannot be used "either to support guilt or enhance punishment for another offense." Nichols v. United States, 511 U.S. 738, 743, n. 9, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994) (quoting Burgett v. Texas, 389 U.S. 109, 115, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967)). A subsequent sentence based in part on an invalid conviction must be set aside. Id.
In State v. Kelly, 946 So.2d 1152 (Fla. 4th DCA 2006), wherein the defendant was charged with felony DUI, we affirmed the trial court's dismissal of the felony charge. We held that the defendant's two prior uncounseled misdemeanor DUI convictions could not be used as predicates to enhance his subsequent DUI offense to a felony because he faced sentences in the misdemeanor cases exceeding six months. We relied on Hlad v. State, 585 So.2d 928 (Fla.1991). There, the Florida Supreme Court held that a defendant's uncounseled prior DUI conviction could be used to enhance a later DUI charge to a felony because "he did not receive imprisonment nor could he have been imprisoned for more than six months as a result of the uncounseled conviction." Id. at 930.
As we explained in Kelly, "the Hlad court relied primarily on Baldasar v. Illinois, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), which was not entirely clear as to whether it is actual imprisonment, or the possibility of imprisonment for more than six months, which makes an uncounseled prior misdemeanor conviction unavailable for enhancement." 946 So.2d at 1153. However, "[a]fter the Florida Supreme Court decided Hlad, the United States Supreme Court overruled Baldasar and clarified that is was only actual imprisonment which would preclude a prior uncounseled *1037 misdemeanor conviction from being used to enhance." Id. at 1153-54 (citing Nichols). Although we determined that the trial court in Kelly properly followed Hlad in dismissing the felony charge, we were concerned that Hlad had relied on Baldasar. We were also aware that Nichols "left the states free to guarantee a right to counsel for indigent defendants charged with misdemeanors where there is no prison term imposed, if imprisonment is a possibility." Kelly, 946 So.2d at 1154. Accordingly, we certified the question to the Florida Supreme Court: Can an uncounseled prior misdemeanor conviction, in which the defendant could have been incarcerated for more than six months, but was not incarcerated for any period, be used to enhance a current charge from a misdemeanor to a felony? Id. Kelly is currently on review. State v. Kelly, 949 So.2d 199 (Fla.2007), rev. granted.
In this case, the supreme court's ultimate answer to the question posed in Kelly does not matter. This is because the defendant could not have been incarcerated for more than six months for the uncounseled 1988 DUI conviction. Moreover, as we discuss more fully later, the defendant's conviction did not actually result in a term of imprisonment.
In 1988, a first conviction for DUI was generally punishable by no more than six months imprisonment. See § 316.193(2)(a)2.a., Fla. Stat. (1987). A greater sentence could be imposed only where the defendant was involved in a collision as the result of his DUI. See § 316.193(3)(c)., Fla. Stat. (1987). The defendant's sworn motion in this case states, in conclusory terms, that he was subject to a sentence in excess of six months. However, this is a legal conclusion, not a fact. The defendant does not allege that his first DUI resulted in a collisiona necessary factual predicate for concluding that he was subject to a penalty in excess of six months. And though the clerk's certifications are conflicting on this issue, the trial court made a factual finding that there was no accident in this case. The court then incorrectly concluded that the maximum 180-day sentence entitled the defendant to counsel. Because the defendant did not face a sentence in excess of six months, we need not consider whether the more-than-six-months-exposure rule is still the law in Florida.
The defendant argues that his uncounseled 1988 conviction resulted in a sentence of imprisonment and thus could not be used for enhancement under Hlad. After his DUI arrest on November 30, 1988, the defendant spent forty-eight hours in jail because he could not afford bail. He alleged that on October 26, 1990 he was sentenced to "time served." Citing Hardy v. State, 776 So.2d 962 (Fla. 3d DCA 2000), the defendant persuaded the trial court that the forty-eight hours he spent in jail before trial constituted a jail sentence which required appointment of counsel. In Hardy, the third district held that an indigent defendant who was incarcerated because he could not afford bond had to be appointed a public defender, even if there had been a certification that no jail time would be served upon conviction. The pretrial detention was deemed tantamount to a "timed served" sentence, entitling the defendant to representation by the public defender.
We reject the defendant's argument that by awarding him forty-eight hours of credit for the time he spent in jail after his arrest and before entering his plea, the trial court necessarily imposed a term of imprisonment on his conviction. See Comeaux v. State, 988 So.2d 101 (Fla. 5th DCA 2008) (holding that fact that defendant was given one day of credit for the day she spent in jail after her arrest and before entering her plea did not mean that *1038 her prior conviction resulted in imprisonment; thus her DUI conviction could be used to enhance a subsequent DUI offense to a felony). In Comeaux, the defendant received a one-year probationary sentence after her plea to DUI and one day of credit for the day she spent in jail after her arrest and before entering her plea. The Fifth District explained that this one-day credit did not mean that her conviction resulted in imprisonment, precluding enhancement under Hlad. Rather, the purpose of the day of credit was to avoid a punishment exceeding the statutory maximum. The court emphasized that the defendant's jail time was a result of her arrest, rather than of her conviction. See also Glaze v. Warden, 481 F.Supp.2d 505 (D.S.C.2007); U.S. v. Marvin, 2002 WL 32350547 (E.D.Pa.2002); Glaze v. State, 366 S.C. 271, 621 S.E.2d 655, 657 (2005); Nicholson v. State, 761 So.2d 924, 931 (Miss.App.2000).
Similarly, in this case, where the court did not impose any additional jail time after the defendant entered his guilty plea to the 1988 DUI offense, the defendant was not imprisoned as the result of his uncounseled conviction.[1] Because the defendant did not actually receive a sentence of imprisonment nor face a sentence exceeding six months in that case, the conviction could be used to enhance the current DUI offense to a felony.
Reversed and Remanded.
HAZOURI and MAY, JJ., concur.
NOTES
[1] The state points out that under the current statute, a DUI suspect must be held in custody until he is no longer under the influence, his blood or breath alcohol level has dropped to less than 0.05, or eight hours have elapsed since his arrest. See § 316.193, Fla. Stat. (2007). Taken to its logical extreme, the defendant's argument would mean that virtually every DUI defendant is actually incarcerated and, if denied appointed counsel, could never have that uncounseled misdemeanor conviction counted for future sentencing purposes.