995 So.2d 1162 (2008)
STATE of Florida, Appellant,
v.
Darrell M. DUNNING, Appellee.
No. 2D08-1233.
District Court of Appeal of Florida, Second District.
December 10, 2008.
Bill McCollum, Attorney General, Tallahassee, and Sonya Roebuck Horbelt, Assistant Attorney General, Tampa, for Appellant.
Philip Averbuck of Law Offices of Philip Averbuck, P.A., Bartow, for Appellee.
STRINGER, Judge.
The State seeks review of the trial court's order granting Dunning's motion to dismiss a felony DUI charge because it was enhanced to a felony by using a prior uncounseled conviction for which Dunning was imprisoned. The State argues that Dunning was not imprisoned for the prior uncounseled conviction because he was sentenced to time served. We agree and reverse.
A defendant may not be imprisoned for any offense, even a misdemeanor, unless he has executed a knowing and intelligent waiver of his right to counsel or was represented by counsel. Argersinger v. Hamlin, 407 U.S. 25, 37, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). The converse of this statement is also true. That is, a defendant has no constitutional right to *1163 counsel to defend against a misdemeanor charge when a sentence of imprisonment is not imposed. Scott v. Illinois, 440 U.S. 367, 373, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979). If an uncounseled conviction is invalid because it was obtained in violation of a defendant's right to counsel, then the conviction may not be used to enhance a subsequent conviction. State v. Beach, 592 So.2d 237, 239 (Fla.1992). Thus, a court may not enhance a conviction based on an uncounseled prior misdemeanor conviction if incarceration was imposed for the prior conviction. Id.
In this case, Dunning was not sentenced to imprisonment for his prior conviction; he was sentenced to time served. The trial court held that this sentence was equivalent to a sentence of imprisonment, and because Dunning's prior conviction was uncounseled, it could not be used to enhance the subsequent conviction. On appeal, the State argues that the sentence of time served is not equivalent to a sentence of imprisonment because Dunning was not required to serve any time following his conviction.
The State's argument has been espoused by the Fifth District Court of Appeal. See Comeaux v. State, 988 So.2d 101 (Fla. 5th DCA 2008). In Comeaux, the defendant entered a plea to felony driving under the influence while preserving the issue of the propriety of using a prior uncounseled conviction to enhance the crime to a felony. Id. at 102. The defendant argued that she was imprisoned for the prior conviction because she served one day in jail and was sentenced to probation with credit for time served. Id. at 102-03. The Fifth District rejected this argument, holding that it was not the conviction that resulted in the defendant's imprisonment but the arrest. Id. at 103. The court concluded that "simply crediting [the defendant] with the day she spent in jail prior to her plea, against an imposed probationary sentence, did not transform a day of her probationary sentence into an incarcerative sentence." Id.
The Supreme Court of South Carolina has also held that a sentence of time served did not amount to incarceration for purposes of subsequent enhancement. See Glaze v. State, 366 S.C. 271, 621 S.E.2d 655, 657 (2005). The court concluded that the sentence of time served was not imposed in violation of the defendant's right to counsel because it did not actually result in confinement. The court reasoned that the petitioner spent time in jail because he could not post bond, but he was not subjected to any imprisonment as a result of his uncounseled conviction. The court also explained that if the court had sentenced the petitioner to a fine instead of to time served, then his uncounseled conviction could be used to enhance the subsequent conviction and he would still have spent the time in jail prior to trial. Id.
We agree with the reasoning of the Fifth District and the Supreme Court of South Carolina. We note that a holding to the contrary would preclude the enhancement of DUI convictions for defendants, like the one in Comeaux, who only served one day in jail as a result of their prior DUI. Accordingly, we reverse the order granting Dunning's motion to dismiss.
Reversed and remanded for further proceedings.
FULMER and VILLANTI, JJ., Concur.