WETHERELL, J.
 

 In May 1978, Appellant pled no contest to two misdemeanors: driving with an unlawful blood alcohol level and reckless driving. Appellant was ordered to pay $135 in fines and $4 in court costs. No jail time, probation, or community service was imposed. Over 30 years later, on June 6, 2008, Appellant filed a motion in the Duval
 
 *649
 
 County Court to vacate and set aside his 1978 plea and sentence on the ground that the Judgment and Sentence was “constitutionally infirm” because it “shows that the [Appellant] was not represented by counsel and does not indicate a waiver of counsel.”
 

 The county court properly treated the motion as a claim for posteonviction relief under Florida Rule of Criminal Procedure 3.850.
 
 See Wood v. State,
 
 750 So.2d 592 (Fla.1999). The court denied the motion as untimely, and certified the following question of great public importance to us:
 

 Do the time limitations contained in Criminal Rule of Procedure 3.850(b) apply to motions to set aside pleas and sentences based upon the grounds that the pleas were either obtained in violation of the defendant’s right to counsel or that were taken without the required judicial inquiries mandated by
 
 Faretta v. California
 
 and the rules of criminal procedure when defendants waived their right to counsel?
 

 The county court’s order indicated that at least two Fourth Judicial Circuit Court orders have found that the time limits in rule 3.850(b) do not apply in circumstances such as this case. The order also indicated that this issue is being “repeatedly litigated” in Duval County.
 

 We have jurisdiction pursuant to Florida Rules of Appellate Procedure 9.030(b)(4) and 9.160, and in order to track Appellant’s specific arguments more closely, we rephrase the certified question as follows:
 

 Whether a conviction procured without affording the accused the right to counsel or without securing from the accused a proper waiver of the right to counsel is void and may therefore be collaterally attacked at any time, the time limits of Florida Rule of Criminal Procedure 3.850(b) notwithstanding.
 

 We answer the rephrased certified question in the negative.
 

 For purposes of answering the certified question, we assume that Appellant was indigent in 1978 and that he had a right to counsel in the underlying case. The state does not challenge Appellant’s argument that he had a right to counsel in the 1978 case, and our supreme court has held that indigent defendants have a right to counsel in all prosecutions, including misdemeanors, unless the trial judge provides written pretrial certification that the defendant will not be imprisoned for the charged offense.
 
 See State v. Kelly,
 
 999 So.2d 1029 (Fla.2008);
 
 [1]
 

 see also
 
 Fla. R.Crim. P. 3.111(b)(1) (1977). We also assume that Appellant did not knowingly and intelligently waive his right to counsel because the record (such that it is) does not refute the implicit claim in Appellant’s motion that he did not.
 

 The record is silent as to why Appellant is seeking to vacate the Judgment and Sentence 30 years later. There is no indication that this prior conviction is being
 
 *650
 
 used to enhance a subsequent DUI prosecution, which would directly implicate the supreme court’s decisions in
 
 Kelly, State v. Beach,
 
 592 So.2d 237 (Fla.1992), and
 
 Hlad v. State,
 
 585 So.2d 928 (Fla.1991). Instead, this case appears to be nothing more than a straightforward collateral attack on Appellant’s 1978 conviction, which is governed by rule 3.850.
 

 Turning to the certified question, we start with the general proposition that a motion for postconviction relief must be filed within two years after the judgment and sentence become final. Fla. R.Crim. P. 3.850(b).
 
 [2]
 
 “After the time for filing 3.850 motions has passed, the State’s interests in finality are more compelling.”
 
 State v. Anderson,
 
 905 So.2d 111, 118 (Fla. 2005);
 
 see also McCrae v. State,
 
 437 So.2d 1388, 1391 (Fla.1983) (Alderman, C.J., concurring specially) (calling for a time limit for filing postconviction motions “[i]n order to give due weight to the finality and the presumption of legality of a final judgment and to restore the public’s confidence in our criminal system of justice”).
 

 This case highlights the importance of a time limit for filing postconviction motions. The only surviving document from the 1978 proceeding is the two-page Judgment and Sentence. Whatever other record or transcript of the proceeding that was made no longer exists. It is unlikely that anyone involved in the case other than Appellant has any recollection of the case and, therefore, it would likely be impossible to determine with any certainty at this point whether the trial court filed the statement required by rule 3.111(b)(1) (1977) or whether Appellant was properly advised of and waived his right to counsel.
 
 Cf. Kelly,
 
 999 So.2d at 1060 (Wells, J., dissenting) (discussing the problems created by the court’s precedents allowing prior DUI convictions to be collaterally attacked in a subsequent DUI case “many years after the conviction when there is no transcript of what occurred”).
 

 Appellant argues that the two-year time limit does not apply to his motion because the 1978 judgment is “void,” and a void judgment may be collaterally attacked at any time. Appellant argues that the judgment is void because the record does not show that he knowingly and intelligently waived his right to counsel, or that the trial court conducted a
 
 Faretta
 

 [3]
 

 inquiry back in 1978, and that therefore the trial court lacked jurisdiction to proceed. Appellant cites
 
 Johnson v. Zerbst,
 
 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) in support, and quotes this passage specifically:
 

 If this requirement of the Sixth Amendment [to provide counsel to the accused unless intelligently waived] is not complied with, the court no longer has jurisdiction to proceed. The judgment of conviction pronounced by a court without jurisdiction is void....
 

 Id.
 
 at 468.
 

 This statement was made at a time when the U.S. Supreme Court construed the scope of federal habeas relief to be limited to claims based upon the trial court’s lack of jurisdiction. Four years after
 
 Johnson,
 
 in
 
 Waley v. Johnston,
 
 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302 (1942), the Court “openly discarded the concept of jurisdiction, by then more a fiction than anything else....”
 
 Wainwright v. Sykes,
 
 433 U.S. 72, 79, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Thereafter, although uncounseled conviction claims
 
 *651
 
 could still be raised in federal habeas proceedings,
 
 see Custis v. U.S.,
 
 511 U.S. 485, 496, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), it was no longer necessary for these claims to be characterized as involving a jurisdictional issue; and, although the Court’s more recent decisions have made clear that certain uncounseled convictions lack the
 
 reliability
 
 necessary to impose imprisonment or to enhance a sentence in a subsequent proceeding, those decisions do not suggest that uncounseled convictions are “void” for a lack of jurisdiction.
 
 See Nichols v. U.S.,
 
 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994) (overruling
 
 Baldasar v. Illinois,
 
 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980)).
 
 Accord Kelly,
 
 999 So.2d at 1042-50;
 
 Allen v. State,
 
 463 So.2d 351, 358-59 (Fla. 1st DCA 1985). Thus, whatever merit Appellant’s argument that the court lacked jurisdiction to sentence him may have had under
 
 Johnson,
 
 that argument is now baseless.
 

 In
 
 Weir v. State,
 
 the Second District considered a case with similar facts and came to the same conclusion as we do in this case. 319 So.2d 80 (Fla. 2d DCA 1975). In
 
 Weir,
 
 the defendant was found guilty of grand larceny in 1943, and in 1975 moved to vacate the judgment because the court failed to advise him of his right to counsel. The court rejected the argument that the conviction was void, finding the position “difficult to sustain since the sentencing court obviously had jurisdiction over the subject matter and the appellant.”
 
 Id.
 
 at 81. The court did remand for an evidentiary hearing on the merits of defendant’s claim (and the state’s defense of laches),
 
 id.
 
 at 81-82, but, at the time, there was no time limit for seeking a writ of
 
 coram nobis.
 
 Now, there is.
 
 See Wood,
 
 750 So.2d at 594 (limiting claims cognizable under
 
 coram nobis
 
 to the time limit in rule 3.850).
 

 In sum, we conclude that even if Appellant was denied his right to counsel in the 1978 proceeding, the judgment and sentence in that case are not “void” as a result and subject to collateral attack 30 years later. Accordingly, we answer the rephrased certified question in the negative, and affirm the county court’s order denying Appellant’s motion for postconviction relief as untimely under rule 3.850(b).
 

 AFFIRMED.
 

 KAHN and LEWIS, JJ., concur.
 

 [1]
 

 . We recognize that
 
 Kelly
 
 was decided in 2008, and that before
 
 Kelly,
 
 some Florida cases held that defendants did not have a right to counsel where a misdemeanor was charged and there was no imprisonment.
 
 See, e.g., State v. Dunning,
 
 995 So.2d 1162 (Fla. 2d DCA 2008) (holding, based upon
 
 Scott
 
 v.
 
 Illinois,
 
 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979), that "a defendant has no constitutional right to counsel to defend against a misdemeanor charge when a sentence of imprisonment is not imposed”);
 
 Harrell v. State,
 
 469 So.2d 169, 170 (Fla. 1st DCA 1985). In
 
 Kelly,
 
 however, the supreme court expressly declined to follow
 
 Scott
 
 on state law grounds and held that the right to counsel ‘‘encompasses all cases in which imprisonment is a prospective penalty.”
 
 Kelly,
 
 999 So.2d at 1040. The court explained that this holding did not establish a new right, but rather merely reaffirmed long-standing precedent.
 
 Id.
 
 at 1043.
 

 [2]
 

 . The rule provides exceptions to the two-year filing deadline, but Appellant does not argue that any of them apply here.
 

 [3]
 

 .
 
 Faretta v. California,
 
 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).