BLACK, J.,
Specially concurring.
Because of the recent Florida Supreme Court opinion in State v. Kelly, 999 So.2d 1029 (Fla.2008), I agree that Mr. Hyden’s felony DUI conviction as a fourth-time offender must be reversed. However, I write separately to express my support of Justice Wells’ dissenting opinion in Kelly, which I believe expresses a better-reasoned analysis. I also write to discuss how *5 this case highlights the practical and, in my view, unfortunate implications of the Kelly majority opinion, which I believe are at odds with Florida’s legislative scheme for punishing DUI offenders.
It is undisputed that Mr. Hyden has four DUI convictions. In addition to the most recent conviction, Mr. Hyden was convicted of DUI on August 21,1997; July 1, 1985; and July 27, 1983. Mr. Hyden has raised no issue with either the 1985 or the 1997 convictions.
The plain language of section 316.193(2)(b)(3), Florida Statutes (2008), provides that any person who is convicted of a fourth or subsequent DUI, regardless of the dates of the prior convictions, commits a felony of the third degree. Thus, the clear language of the statute contemplates that the State is authorized to use what might be considered “old” DUI convictions as predicate offenses to enhance a fourth DUI to a felony.
Until the Kelly case was decided in 2008, Mr. Hyden would have been justifiably convicted of a third-degree felony and appropriately sentenced to five years in prison based upon his four DUI convictions. Before Kelly, the outcome in this case would have been controlled by the Florida Supreme Court’s opinion in Hlad v. State, 585 So.2d 928 (Fla.1991). Based almost entirely on United States Supreme Court precedent, Justice Grimes’ Hlad opinion held that the State may use a criminal defendant’s prior uncounseled misdemean- or DUI conviction as an enhancement where the uncounseled misdemeanor led to no actual imprisonment and was not punishable by more than six months’ imprisonment. Mr. Hyden’s 1983 conviction met these criteria. See § 316.193, Fla. Stat. (1983).
Indeed, Mr. Hyden does not dispute the validity of the 1983 conviction and had not done so for the twenty-six years before his current charges. His only argument now is that because the conviction was “uncounseled,” it cannot be used as a predicate offense to enhance the current conviction to a felony. Before Kelly was decided, there would have been no basis for a challenge.
Contrary to the majority opinion and the methodology used in Hlad, the Kelly majority expanded the right to counsel in article I, section 16 of the Florida Constitution and Florida Rule of Criminal Procedure 3.111 and ruled that an uncounseled plea to an offense which subjected a defendant to the mere possibility of incarceration could not be used as a predicate offense for felony enhancement, regardless of the fact that there had been no actual imprisonment. 999 So.2d at 1051. In so ruling, the Kelly court rejected the United States Supreme Court’s opinion in Nichols v. United States, 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994), and also departed from its previous practice of following United States Supreme Court precedent in right to counsel cases. 999 So.2d at 1058 (Wells, J., dissenting).
The Kelly majority stressed the fact that the three prior misdemeanor DUIs are considered an element of a felony DUI and that the State has the burden of proving the convictions beyond a reasonable doubt. 999 So.2d at 1038 n. 7. As a result, the Kelly court reasoned that a defendant has the right to challenge the validity of the conviction by asserting that he did not validly waive the right to counsel in a prior misdemeanor DUI. Id. While the logic of the Kelly majority is sound with regard to a defendant’s right to challenge elements of an offense, the practical problems created by allowing defendants to challenge prior convictions within the prosecution of current charges are highlighted by the case sub judice.
*6 Because the rules of judicial administration only require misdemeanor records to be kept for five years, the State will often be unable to prove that DUI pleas extending further back than five years were counseled. See Fla. R. Jud. Admin. 2.430(c)(1)(c). By contrast, the felony DUI enhancement statute places no time limit on the use of prior DUI convictions. See § 316.193(2)(b)(3), Fla. Stat. (2008). Thus, the practical application of the Kelly opinion significantly impedes the clear legislative intent to treat a fourth DUI as a felony without time restrictions on the use of prior convictions.
In addition, the Kelly decision potentially prohibits the use of DUI convictions from other states to prove the elements of felony DUI. The use of previous convictions for DUI from other states is expressly permitted in section 316.193; however, if the state of origin does not afford defendants the same right to counsel, or if the prosecution cannot provide greater evidence than the conviction itself to support a counseled misdemeanor conviction, the elements of felony DUI may not be met.
Aside from the practical application of the Kelly opinion in terms of the State’s burden, recent case law indicates that Mr. Hyden would be foreclosed from attacking his conviction in the postconviction context. See Solano v. State, 32 So.3d 648, 650 (Fla. 1st DCA 2010). Therefore, not only is Mr. Hyden barred from directly attacking his 1983 conviction some twenty-six years later, but assuming arguendo that Mr. Hy-den was afforded an attorney in the 1983 case, any claim that his attorney was ineffective is foreclosed. Based on this reasoning, a 1983 conviction would not be considered “void” in any other type of case. It is also worth noting that the conviction is not considered “void” in terms of its use for sentencing Mr. Hyden to all four-time DUI sanctions short of imprisonment.
Moreover, had Mr. Hyden been represented by counsel in 1983, it is highly unlikely that the outcome would have been any different. We know from the record that Mr. Hyden waived his right to counsel at his arraignment, approximately six weeks before the trial date. We also know from the record that while discussing the 1983 offense with the court in 2009, Mr. Hyden stated that his 1983 DUI was “no big deal” at the time. We also know that the statute allowing felony enhancement based on three prior convictions did not become law until 1987. Thus, in 1983 Mr. Hyden had no reason to be concerned about the future implications of his plea.
Following his 1983 DUI conviction, no one knew that Mr. Hyden would be arrested another four times for DUI, resulting in three additional DUI convictions and one reckless driving conviction. Despite his four previous DUI convictions, under our binding authority, Mr. Hyden is still only guilty of a misdemeanor in this case.
Finally, the Kelly court retroactively grants rights to criminal defendants that they did not have prior to 2008, i.e., the right to counsel in misdemeanor cases that did not result in confinement and were not punishable by more than six-months incarceration. Unfortunately, as Justice Wells’ dissent points out, “many other final convictions of repeat DUI offenders will be subject to further postconviction litigation to determine whether those DUI convictions must be reversed because of the court’s new construction of the Florida Constitution.” 999 So.2d at 1054 (Wells, J., dissenting). The Kelly decision thwarts the State of Florida’s ability to reach and punish the most deserving of punishment — those that have made the choice to drink and drive, putting others at risk.